# Krou *v.* Verkentoren.

## *Action on Common Counts.*

1. *Common counts; work and labor performed under contract within statute of frauds.*—When the complaint contains only the common counts, the plaintiff may recover for work and labor performed while he remained in the defendant's employment, although his contract of employment was within the statute of frauds.

2. *Contract of employment; implied stipulation as to qualifications; set-off for damages on account of negligence; burden of proof.*—When a person contracts to render personal services for another, he impliedly stipulates that he is competent to do the work, and that he will exercise reasonable care and diligence in its performance; and when he sues for his wages or agreed compensation, the employer may set off any damages sustained from a breach of said implied stipulations; but the burden of proof as to negligence, or want of care, is on the defendant, and it is not established by the opinion of witnesses, unsupported by facts.

APPEAL from the City Court of Decatur.

Tried before the Hon. WM. H. SIMPSON.

This action was brought by John Verkentoren, against J. L. Krou, and was commenced on the 8th January, 1889. The complaint contained only the common counts, each claiming $335.80. The action was commenced in the Circuit Court, and was transferred by consent to the City Court of Decatur; and the cause was there submitted to the decision of the court, without a jury. The defendant pleaded the general issue, and set-off; and issue was joined on these pleas. The bill of exceptions states that the statute of frauds was also pleaded, but the plea is not set out in the record, nor otherwise referred to. The evidence on the trial showed, as appears from the bill of exceptions, that the defendant owned a stock farm and dairy near Decatur, and employed the plaintiff to superintend it, to milk the cows, and feed and take care of the cattle; that the defendant's agreed wages were $30 per month; that he entered on the employment on the 17th March, 1888, and was discharged on the 29th December following. The plaintiff claimed that the contract was for the term of one year, and that a balance of $335.80 was due him; while the defendant contended that the contract expired on the 31st of December, and that he had suffered damages from the plaintiff's negligence and want of care, causing the loss of several Jersey cows, of value greater than the balance due plaintiff, for

8

which he claimed a set-off. The plaintiff offered in evidence a letter dated February 28th, 1888, written by defendant to plaintiff's brother, and forwarded by the latter, through the mails, to the plaintiff, then at Denver, Colorado; and he testified, that on the receipt of this letter, he immediately came to Decatur, offered his services to the defendant, and commenced to work for him next morning. The letter contained these expressions: "I can offer him [plaintiff] thirty dollars per month to attend to my dairy work. I can offer him thirty dollars per month, and board, to do my milking and caring for my stock. . . I can offer this amount for the first twelve months, and after that probably we might make some other arrangement. This is the best offer I can make. Please let me know as soon as possible, if accepted." The defendant objected and excepted to the admission of this letter as evidence; and he also excepted to the judgment of the court in favor of the plaintiff, which was for $191, "balance due for the actual time plaintiff worked for defendant." The rulings and judgment of the court are assigned as error.

WERT & SPEAKE, for appellant.

S. H. GRUBER, contra.

CLOPTON, J.—Whether or not the contract of employment was for one year, or only for the balance of the year in which it was made, are immaterial questions. Plaintiff does not sue for the breach of a special contract, but for work and labor done, using the common counts. The suit was instituted before the expiration of a year from the time the contract was made, and the court gave plaintiff judgment only for the balance due for the actual time he worked for defendant. That defendant agreed to pay plaintiff thirty dollars per month, payable monthly, to milk his cows and care for his stock, and that plaintiff worked until December 29, 1888, when he was discharged, are undisputed facts. This entitles plaintiff to recover, unless defendant sustains his plea of set-off, which consists of damages in the loss of cattle alleged to have been occasioned by plaintiff's neglect.

By the contract, plaintiff impliedly stipulated that he was qualified to do the work which he agreed to do, and that he would take reasonable care of the property confided to his charge. If he failed in any essential particular, and defendant suffered damage thereby, it may be conceded, that he is entitled to set off such damage against plaintiff's claim for wages.—M. & M. Railway Co. v. Clanton, 59 Ala. 392. The burden,

[Robinson & Ledyard v. Holt.]

however, is on defendant to prove neglect, or want of care, on the part of plaintiff. The defendant, and other witnesses on his part, testify that in their opinion, or according to their judgment, defendant's cattle died because of the neglect of plaintiff; but they state no act of neglect, upon which their opinion is based. The evidence fails to sustain the plea of set-off.

Affirmed.