WILLIAM L. NOYES vs. JOHN F. MARSH & another.

Hampden.    Sept. 26. — Oct. 2, 1877.    ENDICOTT & LORD, JJ., absent.

A. agreed in writing with B. that if B. would buy certain shares in a corporation held
by C., the company should employ him at a certain yearly salary; that if the com-
pany should fail or refuse to give him employment, A. would purchase the stock
of him at a fair price; that if the parties could not agree as to what was a fair
price, the same should be determined by arbitrators, whose decision should be
binding. *Held,* that, even if the agreement was not void as against public policy,
a bill in equity, by B. against A., for specific performance of the agreement, would
not lie.

BILL IN EQUITY by William L. Noyes against John F. Marsh
and William B. Smith, containing the following allegations:

That on September 7, 1874, the plaintiff and the defendants
made an agreement in writing as follows: " If the said Noyes
shall purchase sixty-three shares of the capital stock of the
Springfield Glazed Paper Company now held by George Fowler,
the said Marsh and Smith agree to and with him that the said
company shall give him employment at such service as the offi-
cers of said company may reasonably require at an annual salary
of $1350 per year. They also agree with said Noyes that, in case
the said company shall hereafter fail or refuse to give him em-
ployment as aforesaid, they will purchase of him the said shares
of stock at a fair price. If the parties hereto cannot agree
what is a fair price, it is further agreed that the same shall be
fixed by arbitration, said Noyes to choose one arbitrator, said
Marsh and Smith one, and the two so chosen shall select a third.
And all the parties hereto agree that the decision of said arbitra-
tors shall be binding, and said Noyes shall sell to said Marsh and
Smith said stock, and they shall purchase the same of him at the
price so fixed. But said Smith and Marsh shall not be obliged
or holden to purchase said stock if said Noyes shall decline to
accept said employment and pursue the same, or fail to hold
himself in readiness to perform said service, nor if said Noyes
shall fail faithfully and competently to discharge the duties of
his employment. And it is further agreed that if any question
arises as to the breach of said last proviso and condition, the
same shall be settled by the aforesaid board of arbitrators. But
if for any cause said Noyes shall cease to be employed by said

company, and shall prefer to keep said stock without employment, he may do so."

That the plaintiff did, in accordance with the agreement, purchase said sixty-three shares of stock of Fowler, and had ever since held himself in readiness at all times to accept and pursue such employment as the company should require in accordance with the agreement, and continued in the employment of the company until January 4, 1876, when he was discharged from the employ of the company, although he had always faithfully and competently discharged the duties of his employment.

That the plaintiff thereupon offered to sell his stock to the defendants at a fair price and requested the defendants to purchase the same, which they declined and refused to do.

That the plaintiff and the defendants could not agree what was a fair price therefor, and that the plaintiff had demanded the arbitration as provided for in the agreement, and had designated to the defendants his choice of an arbitrator, but the defendants neglected and refused to choose an arbitrator, as agreed, and to submit the matters in dispute to such arbitration as provided in the agreement.

The prayer of the bill was for a specific performance of the agreement; and for general relief. A demurrer for want of equity was sustained by *Colt*, J.; and the plaintiff appealed.

*H. B. Stevens*, for the plaintiff.

*G. M. Stearns & M. P. Knowlton*, for the defendants.

GRAY, C. J. It would seem that the contract sought to be enforced was void as against public policy, and that the court should dismiss the bill upon that ground. *Guernsey* v. *Cook*, 120 Mass. 501. *Dunham* v. *Presby*, 120 Mass. 285. But if the contract is valid, and can be sued on in any form, the bill cannot be maintained, because it does not show that the plaintiff has not an adequate remedy by action at law for the defendants' refusal to purchase his shares. *Thorndike* v. *Locke*, 98 Mass. 340. *Jones* v. *Newhall*, 115 Mass. 244. *Somerby* v. *Buntin*, 118 Mass. 279, 287. 1 Story Eq. Jur. (12th ed.) §§ 724 *& seq.* A court of equity will not decree specific performance of an agreement to submit a matter to arbitration. *Street* v. *Rigby*, 6 Ves. 815. *Vickers* v. *Vickers*, L. R. 4 Eq. 529. *Tobey* v. *Bristol*, 3 Story, 800. *Pearl* v. *Harris*, 121 Mass. 390. *Decree affirmed.*