SMITH-GREEN COMPANY, and another, in Equity,

*vs.*

LESLIE M. BIRD.

Kennebec. Opinion May 7, 1902.

*Shipping. Master's Interest. R. S. of U. S., § 4250.*

The right of a majority in interest of the owners of a vessel to control its management is charged with the duty to retain and exercise it, not only for the benefit of all the owners, but others whose property and lives may be involved; and an agreement to surrender such control permanently, or indefinitely, is inconsistent with the trust which the law implies and imposes. Such a contract is void as against public policy.

On report. Judgment according to decree upon bill.

Bill in equity, heard upon bill, answer and testimony, to recover the proportional part of the plaintiff's earnings of the schooner James W. Bigelow, alleged to be in the hands of the defendant.

The facts are stated in the opinion.

*L. C. Cornish,* for plaintiffs.

*A. M. Spear,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, POWERS, PEABODY, JJ.

PEABODY, J. This cause comes before the law court on report. It is a bill in equity brought by the plaintiffs, Smith-Green Company and James W. Bigelow against Leslie M. Bird to recover the proportional part belonging to them of the earnings of the schooner

James W. Bigelow, alleged to be in the hands of the defendant.

Said proportional part, as shown by the account filed by the defendant, is $655.11. The defendant claims to retain this amount in part satisfaction of damages sustained by the breach of the written agreement between him and the plaintiffs, doing business then under the name of Bigelow & Smith.

By this agreement Bigelow & Smith were to "sell the said Bird three-sixteenths of the schooner James W. Bigelow for $6,000, with the understanding it shall be a master's interest; that he shall sail said vessel as long as he desires on half shares." After specifying certain other rights and limitations the contract further provides, "that if said Bigelow & Smith dispose of their interest in said vessel while said Bird is master, it shall be sold subject to this agreement."

It appears that, in accordance with this agreement, the defendant procured the sale of three-sixteenths of the schooner to his friends, retaining a small share, one-thirty-second, himself. These shares were understood by the purchasers to carry with them the beneficial interest granted to the defendant under the terms of the agreement, and, as a consideration for such beneficial interest, the shares were purchased at a price beyond their market value. It further appears that the defendant, although he had sold his interest in the vessel, still claimed and exercised the privileges appertaining to "the master's interest."

The Smith-Green Company, one of the plaintiffs, succeeded to the interest of Smith, he having deceased, which it appears to have held subject to said agreement.

Subsequently the plaintiffs sold their interests in the vessel with no notice to the purchasers, and the vessel was placed under another master.

If this written agreement was a valid contract and was in force at the time of the alienation of the plaintiffs' interest in the vessel, the plaintiffs are liable for such damages as may have been sustained by the defendant by reason of the disposal of their interests in disregard of the agreement; and these damages, to an amount not exceeding $655.11, may be allowed as an equitable set-off to the account due the plaintiffs.

The master's interest is technically recognized in maritime law and in the statutes of the United States, but it does not exist independently of an interest in the vessel, nor against the will of the majority in interest of the owners, unless "there is a valid written agreement subsisting by virtue of which such master would be entitled to possession." When the defendant sold his share in the vessel, and was superseded as master, his sailing rights were extinguished unless preserved by this agreement with the plaintiffs. It had been executed on his part by the purchase of three-sixteenths of the vessel, one-thirty-second being taken in his own name and the rest in the name of friends; and he had paid, or caused to be paid, for the same an amount which included a sum in excess of the value of the shares for "a master's interest," to be held by him with the privileges of sailing the vessel as long as he desired on half shares. It was in terms broken by the plaintiffs by the unconditional sale of their interests as majority owners of the vessel.

The right of a majority in interest of the owners of a vessel to control its management is charged with the duty to retain and exercise it, not only for the benefit of all the owners, but others whose property and lives may be involved; and an agreement to surrender such control permanently or indefinitely is inconsistent with the trust which the law implies and imposes.

In *Rogers* v. *Sheerer*, 77 Maine, 323, VIRGIN, J., says: "There is strong reason and high authority for declaring such a contract void, as against public policy;" he assigns as such reason "the vast authority of a master of a vessel, the important nature of the trust imposed in him, the corresponding duty of exercising the utmost circumspection in his choice and appointment and the great importance that the exercise of this duty shall be by an unfettered judgment," and he cites as such authority Story Part. § 432; Fland. Sh. § 370; Mach. § (2d Ed.) 123; Abb. Sh. (Sto. & Perk. Ed.) 136; *Ward* v. *Ruckman*, 36 N. Y. 26, 30.

*In re schooner Eliza B. Emory*, 3 F. R. 241, it was held; "The part owner of a vessel is estopped by an attempted sale of the sailing right for which he has received and taken consideration, from joining in an application for the removal, without cause, of the purchaser of

such sailing right." But this case was reversed on appeal, 4 F. R. 342; and it was held, by the appellate court: "A contract for the sale of the sailing right by a part owner of a vessel is not susceptible of specific enforcement either by way of estoppel or by a direct proceeding for that purpose."

This principle is recognized in analogous cases where an agreement of part of the stockholders of a corporation with one purchasing stock that he shall be continuously retained or elected treasurer, is held void, as against public policy. *Guernsey* v. *Cook*, 120 Mass. 501; *Noyes* v. *Marsh*, 123 Mass. 286; *Wilbur* v. *Stoepel*, 82 Mich. 344; *Cone, Executors* v. *Russell*, N. J. Law (3 Dick. 208).

The agreement between the plaintiffs and defendant is therefore not available to the defendant to enforce recovery of damages. It rested in personal confidence only until the plaintiffs saw fit to avoid it, and then the rights of the parties were to be determined according to existing conditions, independent of any contract obligation.

This proceeding in equity is invoked by the plaintiffs. The defendant's answer accounting for the earnings of the vessel shows that the shares of the plaintiffs now in his hands amount to $655.11, which the court will decree to them unless the defendant has equitable claims against them. We think he has no such claim. Curtis in his Rights and Duties of Merchant Seamen, at page 164, quoted in *Ward* v. *Ruckman*, supra, after citing authorities says: "From these evidences of the maritime law it would seem that the owners have the right to remove the master who is a part owner at their own pleasure, paying him for his share of the vessel." But this rule was modified by § 4250 U. S. statutes, and besides he had, before the alleged breach of agreement by the plaintiffs, ceased to be a part owner of the vessel.

He has lost the "master's interest" not alone by fault of the plaintiffs, but by his own act in selling his interest in the vessel and is remediless under the contract which is void as against public policy. It does not appear that he was induced to purchase this interest by the fraudulent representations of the plaintiffs upon which he relied and by which he was misled, or was deceived by any concealment of material facts, and he must be presumed to have known that the

agreement was invalid, and that his possession and control of the vessel could be terminated at the pleasure of the majority in interest. The plaintiffs should therefore recover said sum of $655.11 and interest from the date of accounting, with costs.

*Decree accordingly.*