AUGUSTINE X. DOOLEY, administrator, *vs.* SAMUEL RESNIK,
trustee, & others.

Essex.    March 26, 1926. — May 28, 1926.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Trust,* Construction of instrument creating trust, Real estate trust.
*Equity Jurisdiction,* To enforce real estate trust for benefit of deceased
beneficiary.

Two brothers through a third person in 1922 conveyed parcels of real
estate owned by them respectively to one of them, designated a trustee
of a voluntary association composed of them and a third brother, the
interests of the three being represented by shares.   The trust instru-
ment gave the trustee very wide powers as to developing, mortgaging,
and selling the real estate, and provided that the trustee should ap-
praise the value of the shares on or about January 10 in each year;
that, in case of the death of a shareholder, the trustee should have
ninety days after such death in which to pay the executor of the will
or administrator of the estate of the decedent for each share at its
value as shown by the last appraisal made by the trustee; and that
the trust should continue during the life of the survivor of the brothers
unless sooner terminated by acts of the trustee or by vote of the share-
holders.   The original trust agreement provided for a sale by the
trustee and a division of the proceeds upon a termination of the trust;
an amendment provided that the whole estate should vest in the last
survivor, upon his making payments to the personal representative or
representatives of a deceased shareholder or shareholders, within one
year from the respective dates of decease, of the amount due for each
share as determined by the last appraisal made by the trustee prior to
the day of decease.   The shareholders at the formation of the trust
by agreement assumed the shares to be worth $5,000 each.   No further
valuation was made in 1923 or 1924, although in January, 1923, the
valuation, $5,000 per share, was placed on the books by the trustee,
having been fixed by him without computation and without careful
consideration of the true value of the shares, which in 1924 was about
$10,300 each.   One brother, not the trustee, died in June, 1924, and the
trustee tendered to the administrator of his estate $5,000 for each share
he had owned.   The tender was refused and the administrator, by a
suit in equity, sought to have an accounting and an adjudication of the
value of the shares.   By a final decree it was adjudged that a fair value
of the shares in January, 1924, was $10,300 each, and that the trustee,
upon surrender of the shares of the plaintiff's decedent, should pay
the plaintiff at that rate.   On appeal by the trustee it was *held,* that
   (1) The trust agreement required the trustee to make a valuation
based upon the real value of the property in January of each year;

(2) The valuation provided for in the trust agreement as the basis for making payment for shares not having been made, the defendants had no right to delivery of the shares held by the plaintiff upon tender or payment of only $5,000 per share;

(3) The amendment of the trust instrument did not take away nor modify the rights which the plaintiff had against the trustee under the provision for payment within ninety days: it did not require him to wait for a settlement until there should be but one survivor;

(4) The trust having been in operation for more than two years and the provision for determining the amount to be paid for shares of a deceased shareholder being merely incidental to its main purpose, the court had jurisdiction in equity to determine the true value of the shares and to order payment in accordance with the terms of the decree.

BILL IN EQUITY, filed in the Superior Court on December 29, 1924, for an accounting and an enforcement of the provisions of the trust described in the opinion.

The suit was referred to a master. Material facts found by the master are stated in the opinion. The suit was heard on the master's report by *Macleod*, J., by whose order there was entered a final decree, reciting that the appraisal made by the defendant trustee in January, 1923, was unfair and was made without proper regard of the rights of the shareholders, and granting the relief described in the opinion. The defendants appealed.

The case was submitted on briefs.

*F. L. Simpson*, for the defendant.

*A. X. Dooley*, for the plaintiff.

SANDERSON, J. The plaintiff's intestate, Louis H. Resnik, who died June 20, 1924, was a brother of the defendants Samuel and Morris Resnik. In 1922 Louis H. and Samuel Resnik owned certain parcels of real estate in Andover which were conveyed through a third party to Samuel Resnik as trustee under a declaration of trust for the benefit of the three brothers whose interest was represented by eight certificates for shares of no par value in a trust called the Resnik Realty Investments, four of which were owned by Louis H., and two each by Samuel and Morris Resnik. No other certificates were to be issued.

The declaration of trust provided in part that its purpose was to deal in real and personal property; that the trustee should have entire control and management of the trust

property; and that he should have for the purposes of the trust full power to buy, hold, mortgage, lease, or sell any real or personal property or to issue notes or bonds secured by mortgage or mortgages with power of sale upon the whole or any part of the property belonging to the trust upon such terms and conditions as he might think best. At any meeting of shareholders, the holders of three fourths of the entire number of shares might depose the trustee and elect another in his place and a vote of three fourths would decide any matter properly coming before the meeting. It also was provided that the shares should be nontransferable but in case of the death of any shareholder or in case a shareholder desired to dispose of his certificate such intention must be made known in writing to the trustee, and the trustee should have ninety days after such death or notice of intention in which to pay the shareholder or his executors or administrators for each share at the value of the same as shown by the last appraisal made by the trustee. It further provided that the trustee should appraise the value of the shares on or about the tenth day of January in each year. The trust was to continue during the lives of all or during the lives of any two survivors of the three brothers named, unless sooner terminated by acts of the trustee or by vote of the shareholders.

The case was referred to a master who found that the purpose of establishing the trust was to enable the parties to deal in real estate without obtaining releases of dower from their respective wives. He further found that there had never been a valuation of the shares made by the trustee based upon a computation of the value set forth on his books, but that the first valuation placed upon the shares was an assumed one of $5,000 each for the eight shares, determined by the shareholders themselves immediately after the formation of the trust. This valuation was placed upon the books of the trustee in March, 1922, and was made only for the balance of that year; that the same valuation was placed on the books in January, 1923, and no valuation was made or noted on the books in January, 1924, or January, 1925; that the valuation placed on his books by the trustee in January,

1923, was arbitrarily fixed without computation, was made without careful consideration of the true value of the shares, which the master found was then greatly in excess of $5,000 each, and he found the true value of each share in January, 1924, to be $10,311.55.

After the death of Louis H. Resnik, the trustee tendered to the plaintiff $5,000 for each of the four shares held by him as administrator; the tender was refused. The court entered a decree that the fair value of the four shares owned by the plaintiff's intestate was $41,246.20 on January 10, 1924, and directed the trustee upon the surrender of the shares to pay the plaintiff that sum with interest from the time of the filing of the plaintiff's bill, and further ordered that, if the same was not paid within thirty days, execution should issue against the goods or the estate of the Resnik Realty Investments in the hands of Samuel Resnik, trustee, with a further order for payment of costs.

The trust agreement required the trustee to make a valuation based upon the real value of the property on or about the tenth day of January in each year. This valuation in any year was to be the basis of settlement for the shares of a member who died or withdrew from the trust agreement during the year which would elapse before the next appraisal should be made in the January following. Upon the findings of the master no such valuation of the shares was made in the January before the testator's death, and that placed upon them by the trustee in January, 1923, was arbitrarily fixed without careful consideration of the true value. The valuation required by the trust agreement as the basis of payment for shares not having been made, the defendants had no right to the shares held by the plaintiff upon the tender or payment of $20,000.

The original trust agreement provided for a sale by the trustee and a division of the proceeds upon a termination of the trust. But this was amended so that the whole estate should vest in the last survivor upon his making payments to the personal representative or representatives of a deceased shareholder or shareholders, within one year from the respective dates of their death, of the amount due for each share as

determined by the last appraisal made by the trustee prior to the day of decease. This amendment did not take away nor modify the rights which the executor or administrator of the member who first died had against the trustee under the provision for payment within ninety days. It did not require him to wait for a settlement until there should be but one survivor. Each shareholder by becoming a party to the trust agreement accepted his certificate with the benefit or burden of the provision for making payment for shares of a deceased member or of one withdrawing. The trust agreement gives the trustee wide powers to sell or mortgage the trust property, and it was apparently contemplated that he would be able to carry out the provision for payment in case of death or withdrawal by selling or mortgaging the trust property if the money were not otherwise available. The certificates upon being paid for by the trustee would be held for the benefit of the trust. The clause providing that the trustee shall have ninety days in which to pay the shareholder means that he shall pay in ninety days and not that he may have that time in which to decide whether or not he will pay. It created an obligation and not an option on the part of the trustee. If the appraisal had been made in accordance with the trust agreement and the trustee had refused to pay upon the basis of the valuation so made, the plaintiff would not thereby be deprived of his right to hold the trust estate for the value of his shares as thus determined.

The question remains to be decided, whether the court can make a valuation which will have the same legal effect as that which the trustee should have made.

It seems to be well settled that if a contract is wholly executory and the parties have provided for a price to be fixed by arbitrators or other third parties, the court will not attempt to fix the price in some other way, and then decree specific performance. In such a case the contract is not considered to be complete until the price has been determined. *Milnes* v. *Gery*, 14 Ves. 400. *Davila* v. *United Fruit Co.* 88 N. J. Eq. 602. The court will not decree specific performance of an agreement to submit a matter to arbitration. *Noyes* v. *Marsh*, 123 Mass. 286. But if there has been part per-

formance and the matter of arbitration is not the main part of the contract but an incident to it, and the parties cannot be put *in statu quo*, then, if the arbitration for any reason has failed, "the court will substitute itself for the arbitrators." *Cooke* v. *Miller*, 25 R. I. 92, 94. *Bristol* v. *Bristol & Warren Water Works*, 19 R. I. 413. *Coles* v. *Peck*, 96 Ind. 333. *Kaufmann* v. *Liggett*, 209 Penn. St. 87. The case at bar comes within this principle. The trust had been administered for more than two years before the testator's death with the real estate conveyed by him as a part of it, and the provision for determining the amount to be paid for shares of a deceased member was merely incidental to its main purpose. The court had a right to determine the true value of the shares and to order payment and execution in accordance with the terms of the decree.

*Decree affirmed with costs of this appeal.*