GEORGE A. GUERNSEY *vs.* JAMES P. COOK.

Suffolk. March 10. — September 8, 1876. AMES & MORTON, JJ., absent.

A contract, by which a shareholder in a corporation, in consideration of the purchase of a part of his stock at a price named, agrees to secure to the purchaser the office of treasurer of the corporation, with a fixed salary, and in case of his removal to repurchase the stock at par, is void as against public policy, and as a fraud on the other members of the corporation, in the absence of evidence that the transaction was not for the private benefit of the shareholder, or that it was consented to by the other members of the corporation.

COLT, J. The contract declared on has been held to be the personal contract of the defendant. 117 Mass. 548. It provided in substance on the part of the defendant and Mr. Beebe, who together owned a majority of the stock of the India Company, that the plaintiff should be made treasurer of that company at a stipulated salary ; the plaintiff on his part agreeing to take part of their stock at par, with an agreement that it should be taken back and an allowance made for interest, "in case it should be desirable for any reason to dispense with the plaintiff's service as treasurer." The question is whether such a contract is void as being against public policy. Its decision depends upon the construction which must be fairly given to the terms of the contract.

In consideration of the purchase of a part of their stock at a price named, two of the stockholders agree to secure to the purchaser the treasurership of the corporation, of which they are members, and to secure to him also a sum named, as the annual salary of the office. The purchase of the defendant's stock and the agreement relating to the office are incorporated into the contract as part of one transaction ; and each agreement is the valuable consideration of the other. The contract, if reasonably susceptible of two meanings, one legal and the other not, must indeed receive an interpretation which will support rather than

defeat it, and the presumption is in favor of its legality.  But this contract necessarily implies that the defendant intended to derive, and the plaintiff intended to give to him, a private advantage, not shared by the other stockholders, in consideration of his election as treasurer.  And there is nothing in the facts disclosed at the trial to show that such was not in fact the result of the transaction, or that the agreement in question was known and consented to by the other members of the corporation.

It was the purpose and effect of the contract to influence the defendant, in the decision of a question affecting the private rights of others, by considerations foreign to those rights.  The promisee was placed under direct inducement to disregard his duties to other members of the corporation, who had a right to demand his disinterested action in the selection of suitable officers.  He was in a relation of trust and confidence, which required him to look only to the best interest of the whole, uninfluenced by private gain.  The contract operated as a fraud upon his associates.

In *Fuller* v. *Dame*, 18 Pick. 472, a contract was held to be contrary to public policy, and to open, upright and fair dealing, which tended injuriously to affect the interest of the corporations of which the promisee was a member.  It was compared to the case of a composition deed where all the creditors release the common debtor upon the payment of a certain percentage, and where a stipulation for a separate and distinct advantage is held to be a fraud on other creditors and void.  *Case* v. *Gerrish*, 15 Pick. 49.  Upon the same principle, agreements not to bid against each other at a public auction, as well as agreements for the employment of underbidders and puffers, are held to be a fraud upon the bidders at the sale, and void as against public policy.  So contracts with brokers or agents, upon a consideration founded on violations of duty to the principal, are void. *Smith* v. *Townsend*, 109 Mass. 500.  *Phippen* v. *Stickney*, 3 Met. 384.  *Gibbs* v. *Smith*, 115 Mass. 592.  *Curtis* v. *Aspinwall*, 114 Mass. 187.  See also *Waldo* v. *Martin*, 4 B. & C. 319, *Marshall* v. *Baltimore & Ohio Railroad*, 16 How. 314; *Elliott* v. *Richardson*, L. R. 5 C. P. 744.

Upon the facts disclosed, this action, which is not in avoidance but in direct affirmance of the contract, cannot be maintained.

*White* v. *Franklin Bank*, 22 Pick. 181. The objection that the contract is illegal, although it comes with no good grace from the defendant, is allowed to prevail, not as a protection to him, but for the sake of the public good, and because the court will not lend its aid to enforce an illegal contract. *Myers* v. *Meinrath*, 101 Mass. 366. *Taylor* v. *Chester*, L. R. 4 Q. B. 309.

*Judgment for the defendant.*

*J. G. Abbott & B. Dean*, for the plaintiff.
*B. F. Butler & J. A. Gillis*, for the defendant.