## J. P. WITHERS v. F. J. EDMONDS.

Decided April 6, 1901.

**1.—Contract—Damages for Breach—Banks.**

Where plaintiff and defendant, being stockholders and officers of a bank, agreed to vote their stock together, and that plaintiff should secure the co-operation of other stockholders and control of sufficient stock to insure the election of a board of directors, defendant to pay one-half the expense incurred in securing such control, and defendant, after plaintiff had so incurred expenses, defeated the plan by selling his stock, plaintiff would have been entitled, but for the illegality of the contract, to recover the full amount he had so expended, and had lost by reason of defendant's violation of the agreement, and not merely the one-half plaintiff had agreed to pay.

**2.—Same—Illegality—Controlling Election of Bank Officers.**

The agreement between plaintiff and defendant for securing control of the election of the board of directors was rendered illegal by the fact that it included also the securing of their own retention by the board to lucrative official positions in the management of the bank's business, and plaintiff was therefore not entitled to recover for its breach.

**3.—Same—Presumption that Offices Are Lucrative.**

In determining the question of the legality of such agreement, it will be presumed that the offices of president and teller of the bank are lucrative, since the law implies that reasonable compensation will be paid to parties holding them.

Appeal from the County Court of Grayson.   Tried below before Hon. J. D. Woods.

*Leslie & McReynolds,* for appellant.

*A. L. Beaty,* for appellee.

RAINEY, CHIEF JUSTICE.—This is an appeal from a judgment sustaining general and special demurrers to plaintiff's petition and dismissing his action.

The petition in effect alleged that in December, 1899, he and defendant were respectively president and teller of the Grayson County National Bank, and owned 190 and 200 shares of the stock of said bank respectively. That the local directory which managed the affairs of the bank was composed of plaintiff, defendant, and four other parties, to wit, J. W. Blake, C. A. Andrews, A. L. Beaty, and J. R. Christal, said last named parties owning in the aggregate 320 shares of the stock of said bank. That the four directors last mentioned, constituting a majority of the local board, had voted and procured for themselves, over the protest and judgment of plaintiff and defendant, loans to the extent of about $50,000, largely without collateral or other security. That believing the bank was being mismanaged and the policy indicated was ruinous to its interests and the interests of its stockholders, plaintiff and defendant entered into an agreement for the purpose of electing a directory agreed upon who they believed would manage the bank's affairs prudently, and would not continue the policy pursued by the directory in charge. That acting to that end they agreed to vote their stock together at the ensuing election for the directors agreed on; that they should retain their respective offices in order that they might properly look after and guard the interests of the bank and shareholders, being large shareholders themselves; and that plaintiff would visit other stockholders, and by explaining the situation, obtain proxies and control of sufficient stock to elect the directory desired. It was also contemplated and agreed that it might be necessary to purchase options on certain stock at a premium in order to obtain control of same; and defendant agreed to repay plaintiff one-half of all amounts expended as expenses, or paid in purchasing options of stock. Plaintiff further alleged that he, acting in good faith, secured control of sufficient stock to elect the directory agreed upon. That in so doing he incurred considerable expense as traveling expenses, purchased an option on forty shares of stock at a premium of $275, being subsequently compelled to purchase the stock for $275 more than it was worth, the aggregate amounts so expended being $334.25. That said expenditures were made relying on defendant's contract and in furtherance of the common agreement. But that defendant, while plaintiff was absent, formed a combination with other parties to oust plaintiff from the positions of president and director of the bank, and sold, or pretended to sell, his (defendant's) stock in the bank, pretending thus to place it beyond his power to comply with his agreement. That plaintiff, be-

lieving that the election of the old directors would mean a continuation of the policy formerly pursued, which he regarded not safe, but disastrous, sold his stock therein for $100 per share, which was its reasonable value on the market, which sale included the shares purchased by him in pursuance of his agreement with defendant. He alleged that he never would have made any of the expenditures before mentioned but for the promises and agreements of defendant. That he had been damaged in the sum of $334.25, being the amounts he expended by reason of said contract. He prayed for his damages, interests, costs, and general relief.

Defendant's exceptions in effect were: (1) Excepted generally to plaintiff's petition. (2) Specially excepted to the ground that the agreements alleged were without consideration, or if upon consideration, were contrary to public policy, void and unenforcible. (3) Specially excepted to so much of same as sought a recovery for the full amount expended by plaintiff on the faith of his alleged contract, because (a) the contract alleged only provided that defendant should pay plaintiff one-half of said sum, and because (b) if the contract had been carried out plaintiff would have only been entitled to recover one-half of said amount, and no facts were alleged which would entitle plaintiff to a greater amount in damages. And (4) specially excepted to so much of said petition as alleged said agreements to have been made for the interests of the bank, because, if so, the damage, if any, for the breach would belong to the bank. Defendant also plead a general denial, and special defenses not necessary to notice in this brief.

The right of plaintiff to recover rests upon the validity of the alleged contract. If the contract alleged to have been made is valid, then plaintiff should recover the full amount he claims. Defendant violated the contract upon the faith of which plaintiff expended the amount claimed, and by its breach he was deprived of the object for which it was entered into. This entitled him to all the damages he sustained, which was all he expended in accordance with the terms of the contract.

But the serious question arises from the contention of appellee that the contract was illegal, as against public policy, because the agreement in part was that appellant and appellee should retain their respective offices of president and teller in the bank. It is legal for a majority of the stockholders to combine and control the election of the board of directors and management of the corporation. "But a contract in regard to elections in private corporations is not legal if it provides that a lucrative corporate position shall be given to one or more of the parties to the contract." 2 Cook on Corp., sec. 622, and notes; Gage v. Fisher, 31 Law. Rep. Ann., 563; Guernsey v. Cook, 120 Mass., 501; Woodworth v. Wentworth, 133 Mass., 309; West v. Camden, 135 U. S., 507; Noel v. Drake, 28 Kan., 265; 2 Beach on Cont., par. 1524; Dickson v. Baker, 77 N. W. Rep., 820; Corn v. Russell, 21 Atl. Rep., 847; Harris v. Scott, 32 Atl. Rep., 770.

While the petition does not specifically allege that the position of

president and teller were lucrative, yet we think the presumption should prevail that the parties under the agreement were to be remunerated for such services as they might perform if installed in such positions. At least, in the absence of a contrary stipulation, the law implies that reasonable compensation would be paid. This part of the contract being illegal, the contract is not enforcible in the courts.

The judgment is affirmed.

*Affirmed.*