SAMUEL ROSENTHAL and Others, Respondents, *v.* THOMAS LIGHT, Appellant.

First Department, January 10, 1919.

Corporations — validity of contract to procure organization of corporation and execution of agreement by it against its interests depriving board of directors of free exercise of their judgment — public policy — complaint in action for breach of said contract.

An agreement by the defendant to procure the organization of a corporation under the laws of another State and to cause to be executed by it an agreement under which it should become in effect the selling agent of the plaintiffs, wholesale manufacturers of and dealers in clothing, and should transact no other business in the plaintiffs' line without their consent, and should receive for its services only such amount as it might be able to sell the goods for over and above the selling price thereof fixed by the plaintiffs, the defendant not having undertaken to procure a controlling interest in the capital stock of the corporation, constitutes an attempt to deprive the board of directors of the corporation to be organized of the free exercise of their judgment with respect to the business of the corporation, and is, therefore, void as against public policy.

A complaint, in an action by the plaintiffs against the defendant for his failure and refusal to carry out the terms of his agreement to procure the corporation to execute the contract, which fails to allege that the defendant was able to procure the execution of the contract by the corporation which he organized, or that it would have been to the interest of the corporation to execute such contract, fails to state a cause of action and should be dismissed.

APPEAL by the defendant, Thomas Light, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of April, 1918, overruling a demurrer to the amended complaint.

*Herman B. Goodstein,* for the appellant.

*W. Bennett Marx,* for the respondents.

LAUGHLIN, J.:

The plaintiffs allege that they are the sole members of two copartnerships, one conducting business under the firm name and style of I. & H. Rosenthal, and the other under the firm name and style of Samuel Rosenthal's " Rochester Special," and that both were and are engaged in business as wholesale manufacturers of and dealers in men's and youths' clothing; that on the 1st day of October, 1915, the two copartnerships entered into an agreement in writing with the defendant whereby he agreed to procure to be incorporated under the laws of Connecticut, on or before the 9th day of October, 1915, a corporation the name of which should be " The Monroe Clothes Shop Company," with a capital of $1,000 fully subscribed and paid for to carry on the business " of retail clothier " in the city of Hartford, Conn., and of which corporation he should be one of the incorporators and a stockholder and director, and whereby he agreed to cause to be procured the execution of an agreement on the terms, conditions and in the form thereto annexed by the corporation, thus to be formed, with the plaintiffs on or before the fifteenth day of that month, and that simultaneously with the execution and delivery of the agreement by the corporation to the plaintiffs he and his wife would acknowledge and deliver to the plaintiffs a guaranty, in the form thereto annexed, of the

performance of said agreement by the corporation, and that the plaintiffs agreed with him that they would execute, acknowledge and deliver to the corporation a duplicate of the agreement executed by it with them within five days after the delivery of the agreement by the corporation and of the guaranty to them; that the defendant performed to the extent of incorporating the company with the capital stock fully subscribed and paid for, and of becoming an incorporator, stockholder and director thereof; that ever since its incorporation he had been in active charge and management thereof; that the corporation commenced conducting business as a retail clothier in Hartford shortly after its incorporation, and still conducts the same, and has transacted a business in men's and youths' clothing of not less than $100,000 a year; that the defendant has failed, neglected, omitted and refused to· carry out the terms of his agreement in that he has failed, neglected, omitted and refused to cause and procure the corporation to execute and deliver to the plaintiffs the agreement, and has failed, neglected, omitted and refused to execute and deliver and to cause to be executed and delivered to the plaintiffs the guaranty; that neither the agreement nor guaranty has been executed or delivered to the plaintiffs, who were at all times ready, willing and able and offered to execute and deliver a duplicate of the agreement to the corporation and to perform the same on their part; that the corporation has failed, neglected, omitted and refused to take goods on consignment from the plaintiffs, as provided in the agreement, the execution of which by the corporation the defendant was to procure, notwithstanding the fact that the plaintiffs were at all times ready, able and willing and offered to consign clothing to the corporation at the regular wholesale prices charged therefor by the plaintiffs in the regular course of their business representing said copartnerships, which prices were fair and reasonable and included a fair and reasonable profit to the plaintiffs; that the corporation required in its business 20,000 suits and overcoats, the cost of the production of which was ten dollars each, and that the plaintiffs' regular wholesale price thereof was twelve dollars per overcoat and suit, and that the difference between the cost and the wholesale price thereof aggregates at least

$40,000, which amount the plaintiffs have lost in the profits they would have made on said consignments had the goods been taken by the corporation, and for that amount they demand judgment.

The contract, the execution of which by the corporation the defendant undertook to procure, if executed, would not have bound plaintiffs to deliver any goods thereunder, for it was to be expressly provided that the plaintiffs were to have the right to terminate it " at any time for any reason or cause whatsoever." No board of directors acting for the interests of their corporation would have been warranted in executing such a contract, purporting to bind their corporation and precluding it from obtaining goods elsewhere, and to hold it subject to the will of the plaintiffs as to whether or not it was to transact business. It was to be provided that the duration of the contract should be for one year, subject to cancellation at will by the plaintiffs; that the plaintiffs were to fix the prices at which the corporation was to be obliged to purchase the goods; that the plaintiffs should have the right, at the expiration of the term, to renew the contract for another year, with a like renewal privilege to them, but with no right of renewal to the corporation, and the corporation was to purchase from the plaintiffs, on such terms with respect to prices and other conditions as they might see fit to prescribe, such men's and youths' clothing as the business of the corporation should require, and the corporation was to sell the same only for cash and at retail and at prices not less than those prescribed by the plaintiffs, and was to be obligated not to purchase or to take on consignment, or otherwise, from any person, firm, association or corporation other than the plaintiffs, any clothing for sale or other disposition in its place of business or elsewhere during the time the contract remained in force, without the consent in writing of the plaintiffs. It was further to be provided that the plaintiffs should, so long as they saw fit to continue the contract, consign such goods to the corporation as it should require, and to replace goods sold by it from time to time, but should not be obliged to consign more than sufficient goods to enable the corporation to have on consignment at any one time clothing from both firms of

consignors to an amount in excess of $5,000, and even then the plaintiffs were to be exempted from inability to consign goods due to strikes, accidents or other causes beyond their control, and the corporation was to agree to sell and dispose of all goods received during the life of the contract at prices not less than those designated by the plaintiffs, and to account to the plaintiffs for the goods at the selling prices prescribed by the plaintiffs.

It thus appears that the defendant undertook to organize a corporation under the laws of another State which should become in effect the selling agent of the plaintiffs, and transact no other business in their line without their consent, and should receive for its services only such amount as it might be able to sell the goods for over and above the selling price thereof fixed by the plaintiffs. There is no allegation that the defendant was able to procure the execution of the contract by the corporation which he organized. He did not undertake to procure a controlling interest in the capital stock of the corporation so that he might thereby be able to control the management thereof. In no event would the defendant be liable for any of the damages sought to be recovered herein, which are for loss of profits on the theory that the execution of the contract by the corporation could have been procured, without appropriate allegations of fact showing that he was able to procure the execution of the contract by the corporation and failed so to do; and, therefore, unless he is liable on that theory alleged, there is no basis on which the complaint could be sustained even for nominal damages. It must be presumed that the corporation was to be managed by a board of directors and in the interest of the stockholders, who, according to the allegations of the complaint, purchased and paid for their stock in cash. There is not even an allegation that it would have been to the interest of the corporation to execute the contract; and manifestly it would not. The contract constituted an attempt to deprive the board of directors of the corporation to be organized of the free exercise of their judgment with respect to the business of the corporation and was, therefore, void as against public policy. (*Flaherty* v. *Cary*, 62 App. Div. 116; affd., 174 N. Y. 550; *Fennessy* v. *Ross*, 5 App. Div. 342; *Abbott* v. *Harbeson Textile Co.*, 162 id. 405;

*Electric Fire Proofing Co.* v. *Smith,* 113 id. 615.)   In *Electric Fire Proofing Co.* v. *Smith* (*supra*) the defendant and others undertook to organize a corporation, to issue its capital stock for the purchase of certain property at a price which was its fair and reasonable value, and in the event of their failing so to do, they each agreed to take and pay for certain property at specified prices.   The court, in holding that the defendant was liable on this alternative provision to the extent that he had agreed to purchase property, stated that the contract as a whole was not void as against public policy for the reason that it was lawful to organize a corporation for the purpose of taking over property at its fair value; but that decision does not tend to sustain the complaint in this action.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the demurrer sustained, with ten dollars costs, and, since the case is manifestly without merit, leave should not be granted to amend, but the complaint dismissed, with costs.

CLARKE, P. J., SMITH, SHEARN and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs, and complaint dismissed, with costs.