## KOCH v. VAL VERDE MERCANTILE CORPORATION et al. (No. 7957.)

Court of Civil Appeals of Texas. San Antonio. March 14, 1928.

1. **Pleading** ⊕═204(2)—**It is error to sustain general demurrer to petition if it discloses one good cause of action.**

It is error to sustain general demurrer to petition, however defective it may be in many respects, if it discloses one good cause of action.

2. **Corporations** ⊕═376—**Corporation may under certain circumstances purchase and acquire its own stock.**

Under certain circumstances corporation has power to purchase and acquire its own stock.

3. **Corporations** ⊕═82—**In plaintiff's action to enforce agreement to repurchase corporate stock on termination of his services for corporation, sustaining general demurrer and dismissing case on ground of fundamental error held error.**

Where corporation agreed to repurchase plaintiff's stock on termination of his services as secretary, sustaining of general demurrer and dismissing of plaintiff's action to recover value of such stock under such agreement, on ground of fundamental error, which was assigned in very general terms, *held* error where there was nothing shown by transaction tending to show any injury to corporation or creditors.

**4. Abatement and revival** ☞58(2)—**In action against stockholder of corporation to enforce agreement to repurchase stock, it was proper to interplead defendant's representative after his death, since cause of action survived.**

Action against one who held practically all stock of corporation to enforce agreement to repurchase plaintiff's stock at termination of his services for corporation as secretary, *held* not to abate on death of such person, so that it was proper to interplead his representative.

Appeal from District Court, Hidalgo County; J. E. Leslie, Judge.

Action by Henry Koch against the Val Verde Mercantile Corporation and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Ramsower & Seawell, of McAllen, for appellant.

Elmer Graham, of Houston, for appellees.

COBBS, J. The appellant, Henry Koch, instituted this action against the Val Verde Mercantile Corporation, and the Val Verde Country Club, Inc., both being private corporations duly incorporated under the laws of the state of Delaware, and having permits to transact their business in Texas, with their principal offices in the town of Donna, Hidalgo county, Tex., and H. P. Hansen, in the Ninety-Third district court of Hidalgo county, Tex., to recover the sum of $4,000, which appellant alleged he paid to appellees for 30 shares of stock in the Val Verde Mercantile Corporation of the par value of $100 each, and 10 shares of stock in the Val Verde Country Club of the par value of $100 each, and that as a part of the consideration and the inducement for the purchase of said stock, it was agreed by the appellees that appellant should be employed by the corporations in the capacity of secretary at a salary of $200 per month, with an additional amount at a later date of $50 per month, and that upon the termination of his services, as aforesaid, said corporations would return to appellant the said $4,000, upon the delivery to them of the shares of stock, as aforesaid, and that appellant was induced to purchase said shares of stock from appellees' corporations upon the express agreement with all of appellees that they would return to him the par value of said stock paid for by him whenever his services and salary were discontinued by them, and that acting and relying upon said agreement he paid to appellees said sum of $4,000, and that after remaining in the service of appellees' corporations from about the 24th day of October, 1924, until the 17th day of May, 1927, appellees discharged him from his position and discontinued his salary, and that upon demand and tender of his stock as aforesaid to appellees, they refused to pay him the $4,000, and he continued his tender of said stock in his petition, and demanded judgment against all of the appellees, and in the alternative against each corporation separately for the par value of the stock purchased from each or against each corporation, and appellee H. P. Hansen, or against each appellee separately.

The appellees answered, pleading: (a) Amicus curiæ, suggestion of death of H. P. Hansen, and entering the appearance of Elmer Graham, his executor; (b) plea in abatement; (c) general exception; (d) general denial.

The court revived the cause against the said H. P. Hansen in the name of Elmer Graham, executor, and granted the request of the said Elmer Graham to be made a party defendant herein. The plea in abatement was by the court overruled. The court sustained the general exception of the appellees, and appellant refusing and failing to amend, his cause of action was dismissed, and a judgment was rendered by the court in behalf of appellees upon their general exception to the petition of appellant, and appellant duly excepted to the action and judgment of the court, and in open court gave notice of appeal.

We have copied appellant's statement of the case because appellees say, "Appellant's statement of the case is correct." Besides the issues controlling the disposition of the case are well set out therein. The brevity and terseness exhibited by appellees in their brief are so unusual that we shall here copy his entire brief:

"Appellant's statement of the case is correct. The appellee relies upon the following authorities as sustaining the trial court's action in holding a general demurrer good against plaintiff's petition: Fletcher on Corporations, vol. 3, p. 2956; Guernsey v. Cook, 120 Mass. 501; Jones v. Williams, 139 Mo. 1, 39 S. W. 486, 40 S. W. 353, 37 L. R. A. 682, 61 Am. St. Rep. 436; Scripps v. Sweeney, 160 Mich. 148, 125 N. W. 72."

[1] The assignment challenges the ruling of the court, in the most general way in sustaining the general demurrer and dismissing the case. We have just discussed and held at this term of the court, that it is error to sustain a general demurrer to a petition, however defective in many respects, if it discloses therein one good cause of action. A. E. Rankin v. W. L. Parker (Tex. Civ. App.) 4 S.W.(2d) 227, decided the 29th day of February, 1928. An examination of the authorities cited by appellee do not show them in point, nor as sustaining the action of the court in dismissing the cause of action. If the whole transaction were void on the ground of public policy they would be in point.

As a part of the inducement for the purchase of the stock it was definitely agreed that appellant should be employed by the

corporation in the capacity of secretary at a stipulated salary, and when the employment ceased said corporations would return the money upon the delivery of the stock to them. His employment was of a clerical nature. He was given no exclusive general management or control of the affairs and destinies of the corporation superior to the others. Of course, he acquired stock in the corporation that gave him voting power, even so as a director. We cannot perceive that the contract under discussion here contained the same vice and was subject to the same invalidity as was the alleged contract stated in Guernsey v. Cook, 120 Mass. 501. It is not susceptible to the interpretation that appellant was granted an advantage, a private advantage, not shared in by other stockholders, because of his election as secretary or treasurer, but as a stockholder or director he stood in the same relation as the others. The contract under discussion in the case last mentioned supra, was held to be illegal and unenforceable "because the court will not lend its aid to enforce an illegal contract." However, this holding is somewhat contrary to the recent holding of our Supreme Court in Sluder v. San Antonio, 2 S.W.(2d) 841, just decided by the Commission of Appeals, and approved by the two Associates of the Supreme Court, apparently not by the Chief Justice, whose name is not signed to the approval, wherein the services alleged to be performed by an attorney on a contract on its face in plain violation of the city ordinances was allowed to recover his fees on the ground that the city received the benefit of his services, and therefore "common honesty" required it to pay the price.

[2, 3] Though not shown by the record, appellant states in the brief, and it is not denied, that the opinion of the trial court was based somewhat on the ground that the corporation could not make a binding agreement to repurchase the stock after the determination of the employment, because such a contract, being against public policy, is unenforceable, both against the corporations and said Hansen. That a corporation has the power to purchase and acquire its own stock is no longer an open question. It may do that under certain circumstances. There will be found in the case of San Antonio Hardware Co. v. Sanger, 151 S. W. 1105, decided by this court, an interesting opinion covering this entire question. Unless some bad faith is shown or some irreparable and harmful injury is done to the corporate affairs, or some undue and unfair advantage is given to the one party over the others, that is not common to all, we cannot see why the contract is void as against public policy. It does not appear that the agreement to repurchase its own stock with the funds of the corporation is misusing and wrongfully converting such funds. There is nothing shown by the transaction tending to show any injury to the corporation or to any of the creditors. Richards v. Ernst Wiener Co., 145 App. Div. 353, 129 N. Y. S. 951.

In speaking of contracts of this character, it is said in Schulte v. Boulevard Co., 164 Cal. 464, 129 P. 582, 44 L. R. A. (N. S.) 156–160, Ann. Cas. 1914B, 1013, that this is more than a contract to sell and buy; the plaintiff seeks to "enforce a part of an entire contract under which the stock was originally issued to him. The right to return the stock and receive" the agreed sum "was a material and indivisible part of the consideration upon which the plaintiff agreed to become a stockholder. As between the parties it would be manifestly unjust to permit the corporation to retain the money paid by plaintiff, and at the same time to repudiate the promise which it gave in exchange for the money. The obligation to pay, upon a return of the shares, the sum agreed to be paid, is not to be viewed as a new undertaking arising after the plaintiff has assumed the relation of stockholder. It came into being coincidentally with the contract by which plaintiff became a stockholder. The sale to plaintiff was conditional. He never became a stockholder, except subject to the qualification that he might return his shares upon the stipulated terms."

[4] The cause of action survived against Hansen, and it was proper to interplead his representative. Williams v. Harris (Tex. Civ. App.) 193 S. W. 403. Hansen owned practically all the stock of the corporations, he controlled and dominated their affairs, and it is alleged that he induced appellant to purchase the stock and make the agreement supposedly not only for the benefit of the corporations, but for his own individual benefit, and when the employment terminated good faith required that the stock so tendered should be paid for. It is urged by appellant that "it would so smack of dishonesty that the courts will not permit the corporations to gain by such conduct." That is a very good argument upon the side of "common honesty," but courts are controlled by the law.

We think the court erred in sustaining the general demurrer and dismissing the case on the ground of fundamental error, which was but in very general terms assigned. Cavitt v. Cavitt (Tex. Civ. App.) 295 S. W. 193; Nalle v. Eaves (Tex. Civ. App.) 298 S. W. 447.

The court erred in its ruling, and the judgment is reversed and the cause remanded for a new trial.