# Burkham Brothers *v.* Spiers.

*Action on Common Counts, on Account Stated, and for Work and Labor.*

1. *When recovery can not be had on common counts.*—Under the Code, as at common law, a recovery can not be had under the common counts as therein abbreviated, when the evidence shows only a valid special contract and its breach.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

This action was brought by W. H. Spiers, against Burkham Brothers and Pierce, Morrison & Co., and was commenced on the 23d September, 1873. The action was discontinued as to Pierce, Morrison & Co., who were not served with process; and the complaint was amended, by leave of the court, by striking out their names. The complaint was in these words: "The plaintiff claims of the defendants three hundred dollars, due by an account on the 1st day of August, 1873, on an account stated between plaintiff and defendants on the 1st day of August, 1872. The plaintiff claims of the defendants the further sum of three hundred dollars, due by an account on the 1st day of August, 1873, for work and labor done by the plaintiff for the defendants during the months of June and July, 1873, at their request; which several sums of money, with interest thereon, are now due." The defendants pleaded "the general issue, payment, and the statute of frauds;" and issue was joined on each of these pleas.

"On the trial," as the bill of exceptions states, "the plaintiff testified, on his own behalf, as follows: On the 3d August, 1872, plaintiff and Pierce, Morrison & Co. made a special

contract, by which plaintiff agreed to perform services for them, at their warehouse in the city of Montgomery, from the 1st day of August, 1872, until the 1st day of August, 1873 ; and they agreed to pay him eighteen hundred dollars for his said services, the same to be paid monthly. Plaintiff performed services under said contract until the 14th October, 1872, when said Morrison introduced one of the defendants to him, and told him that the defendants had leased said warehouse, and would thereafter have charge of it. Defendants did take and keep charge of said warehouse, and plaintiff rendered services for them until the 31st May, 1873. At the time when said defendant was so introduced to plaintiff, nothing was said about plaintiff's special contract with Pierce, Morrison & Co.; and nothing was said to defendants about said special contract, until after the 4th January, 1873, on which day defendants purchased said warehouse from Pierce, Morrison & Co.; and in a short time thereafter plaintiff told defendants of his said special contract, but nothing more was said. Pierce, Morrison & Co. paid plaintiff for his services, one hundred and fifty dollars per month, up to the 4th October, 1872 ; and defendants paid him in full, monthly, up to the 31st May, 1873. One Cary drew this monthly payment for plaintiff, and, so far as plaintiff knows, nothing was said at the time of payment about said special contract. On the 31st May, 1873, defendants dismissed plaintiff ; stating at the time that they were satisfied with his services, and that his dismissal was owing to the necessity of retrenching their expenses. Plaintiff was ready and willing, and offered to continue his services under said contract, and could not get employment elsewhere ; and his claim now against said defendants was for his salary during the months of June and July, 1873.

"This was all the evidence in the case. There was no evidence, other than as above set forth, that the contract of lease of said warehouse by defendants was in writing, nor of the terms of said contract ; nor whether the contract for the purchase of said warehouse was in writing, nor of the terms of said contract of purchase. The court thereupon charged the jury as follows : ' That this was an action brought by plaintiff against defendants to recover some two months' wages, at the rate of one hundred and fifty dollars per month, upon a special-contract, alleged to have been made originally with Pierce, Morrison & Co., for the plaintiff's services for twelve months as an employe in their warehouse, at the rate of one hundred and fifty dollars per month ; and upon the further allegation that Pierce, Morrison & Co. turned the warehouse over to the defendants, and that they, upon taking-

ing charge of the warehouse, assumed the contract of Pierce, Morrison & Co. with plaintiff, and agreed to carry it out. If the jury find, from the evidence, that plaintiff had a special contract with Pierce, Morrison & Co., as an employe in their warehouse, for twelve months' services, at the rate of one hundred and fifty dollars per month; and that Pierce, Morrison & Co., during the existence of this contract, turned the warehouse over to the defendants, by lease or otherwise; and that the defendants took charge of the warehouse, and, in the arrangement with Pierce, Morrison & Co., assumed their said contract with plaintiff, and agreed with them to carry it out; and that plaintiff accepted it, and went on with his employment, discharging his duties under the contract; then this became the contract of the defendants, and if they, having thus received the services of plaintiff, discharged him without cause, and against his consent, the plaintiff not having obtained any other employment, he would have a right to recover in this suit the amount agreed to be paid him for the balance of the time for which he had been employed, with interest."

The defendants excepted to this charge, and requested the court to instruct the jury, among other things, that if they believed the evidence, they must find for the defendants; which charge the court refused to give, and the defendants excepted to its refusal.

The charge given, and the refusal of the several charges asked, are now assigned as error.

F. S. FERGUSON, with STONE & CLOPTON, for appellant.

SAYRE & GRAVES, with D. S. TROY, contra.

BRICKELL, C. J.—The complaint contains two counts, and, as amended, under our system of pleading, averred only an account stated between the plaintiff and the defendants, and that the plaintiff had done work and labor for the defendants, for which he was entitled to recover the value of his services. A radical error, pervading the instructions of the court, is, that the action was treated as if founded on a special contract between plaintiff and Pierce, Morrison & Co., which was subsequently adopted by the defendants, and violated by them. The counts of the complaint are only the common counts in *assumpsit* at common law, which are abbreviated, and introduced into the forms of pleading recognized by the Code. No change was intended in the old rule, that a recovery cannot be had under a common count, when

[Lett v. Brown.]

the proof discloses a cause of action the proper subject of a special count. ·

The instructions of the jury are subject to criticism; but, as under the present pleading, the plaintiff has no right of recovery, we say only that the court erred in refusing to charge the jury, if they believed the evidence, they should find for the defendants.

The judgment is reversed, and the cause remanded.

STONE, J., not sitting.