# Troy Fertilizer Co. *v.* Logan.

### *Action on Contract for Personal Services.*

1. *What a sufficient compliance with statute of frauds.*—A letter written by one having authority to contract may be a sufficient writing to comply with the statute of frauds as to agreements not to be performed within a year, so that it contains enough to show a valid agreement, and that it was concluded and not a mere offer or treaty, or an agreement with conditions annexed.

2. *Time of agreement to go into effect when sufficiently definite.*—When it is stated in the agreement that the employment is to commence at

not later than a certain named day, but may go into effect at an earlier day, the time within which the agreement is to go into effect is stated with sufficient definiteness.

3. *Opportunity to secure, or employment secured, will not entirely defeat action.*—In an action by an employee for wrongful discharge, defendant may show that plaintiff has had or might have obtained other employment by the exercise of reasonable diligence, to reduce the damages, but not to entirely defeat plaintiff's action.

APPEAL from the Circuit Court of Pike.

Tried before Hon. JOHN P. HUBBARD.

Action by S. H. Logan against the Troy Fertilizer Company to recover for work and labor performed.

This is the second appeal in this case. See 90 Ala. 325.

GARDNER & WILEY, for appellant.

PARKS & GAMBLE, for appellee, cited *Griffin v. State*, 76 Ala. 29; *McCoy v. Watson*, 51 Ala. 466; *Callen v. McDaniel*, 72 Ala. 96; *Ib.* 74 Ala. 206; *Dickerson v. Frisbee*, 52 Ala. 165.

COLEMAN, J.—The suit is in assumpsit, and brought by appellee. The common counts for work and labor performed were joined with a count upon a special contract. The contested questions of law arose under the count upon the special contract. The pleas of the defendant as they appear in the record are: 1st. Tender. 2nd. That the contract was void, under the Statute of Frauds, because it was not to be performed within a year from the making thereof, and was not in writing. 3rd. The voluntary abandonment of the contract by plaintiff, without the fault of the defendant, and the abandonment on the 5th of October, 1888.

The general issue was not pleaded. The plea of tender was in legal form, and fully sustained by the proof, as to the common counts. If the plaintiff was entitled to recover upon the special contract, the amount tendered was not sufficient to satisfy the plaintiff's claim.

The writing relied upon as evidencing the agreement of the parties is in the form of a letter addressed to plaintiff. Section 1732 of the Code provides that "every agreement which, by its terms, is not to be performed within one year from the making thereof is void, unless such agreement, or some note or memorandum, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing." The letter was as follows: "Mr. S. H. Logan, Southern Cotton Oil Co., Savannah, Ga., Dear Sir, Since reaching home we have decided to accept your

proposition, viz: $100.00 per month for 12 mos., commencing not later than the 15th July, possibly the 1st of July. The date to be fixed by us. We think now we will be ready to use you by the latter date, but don't like to place ourselves in a position to take you until we can use you. We think you will be pleased with the change. Please answer at once. Yours truly, O. C. Wiley, Prest." The evidence showed that the letter was written by Wiley, the president of the defendant company, at the instance and request of the general superintendent and manager, who had power to contract for the services of the plaintiff. We conclude from the evidence that the letter was dated the latter part of May, 1888. No question is made as to the authority of the president, Wiley, to make such a contract, nor that, if binding at all, it is the obligation of Wiley individually, and not of the company. The question is upon the sufficiency of the instrument itself, to take the contract out of the influence of the Statute of Frauds.

The proof shows that after the receipt of the letter the plaintiff went to Troy (the place where the company carried on its business), and "on the 24th day of June, 1888, was put to work by the general manager. On the part of the plaintiff the proof tended to show that he continued in defendant's employment as foreman of defendant's cotton seed oil mill until about the 6th day of October, 1888, when the company's works were burned down, and shortly thereafter he was asked to resign, and upon his refusal he was discharged.

The defendant offered in evidence facts tending to show that plaintiff did not perform his duties properly as a manager, and was lacking in skill. The court sustained an objection to this evidence. There was no plea interposed by the defendant which authorized the admission of evidence of this character, and the court did not err in sustaining an objection to it.

The character of the writing is not essential, and the statute does not require that both parties should subscribe the writing, but only the party to be charged therewith, or some person lawfully authorized in writing. A letter may be a sufficient writing to comply with the statute, so that it contains enough to show a valid agreement, and that it was concluded, and not a mere offer or treaty, or an agreement with conditions annexed.—*Nelson v. Shelby Imp. Co. ante*, p. 515; *Heflin v. Milton*, 69 Ala. 354; *Jenkins v. Harrison*, 66 Ala. 351; *Carter v. Shorter*, 57 Ala. 253; *Adams v. McMillan*, 7 Por. 80.

It is contended that the writing is objectionable as a valid instrument because it does not state the time with definiteness when the agreement was to go into effect. We do not think the objection well founded. The letter fixes the date not later than July 15th when the contract was to take effect. The fact that defendant stated in his letter he might give plaintiff employment at an earlier date than July 15th, but would not bind himself to do so, in no wise gave him the power to fix a time later than July 15th, or to avoid the obligation altogether by not specifying a day. The letter mentioned the consideration to be paid, to-wit, one hundred dollars per month for twelve months. In response to the letter the plaintiff went to Troy, and was given employment a few days earlier than the time mentioned in the letter, and was retained in such employment until about the 8th day of October, when the mill was consumed by fire.

Most of the questions reserved on this appeal were fully considered and disposed of when the case was here on a former appeal, and do not require further consideration at this time. *Troy Fertilizer Co. v. Logan*, 90 Ala. 325. We presume from the record and the written argument of counsel for appellant, the main contention of this appeal, is upon the soundness of the rule declared in *Wilkinson v. Black*, 80 Ala. 329, where it is held that an employee wrongfully discharged does not lose his right of action against his employer by reason of having sought and obtained employment elsewhere during the residue of the term of his employment, and thereby voluntarily put it out of his power to perform his contract for the entire term. It was held that the defendant might reduce the amount of recovery by showing such other employment, or that plaintiff might have obtained other employment by the exercise of reasonable diligence, but these facts could not be used to defeat entirely plaintiff's cause of action.—80 Ala. *supra*.

We are satisfied with the correctness of the rule here declared, and in a very recent case, decided since this appeal was taken, we had occasion to re-affirm the principles of law declared in *Wilkinson v. Black supra; Morris Min. & Manfg. Co. v. Knox, ante,* 320.

There was no error in refusing the charges requested by the defendant. They were objectionable as being either abstract or argumentative. We find no error in the record.

Affirmed.