# Rush *v.* Aunspaugh.

## *Assumpsit.*

(Decided December 19, 1912.  60 South. 802.)

*Contracts; to Organize Corporations; Validity; Public Policy.*— Under sections 3445-3460, Code of 1907, a contract obligating defendant to organize a corporation to take over his laundry business, employ plaintiff at a specified salary, and, at the end of two years, under certain conditions, to cause one-sixth of the capital stock to be transferred to the plaintiff was contrary to public policy and illegal, as under it defendant was bound to control the proposed corporation for two years for the purpose of carrying out the agreement.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Howard C. Rush against Glenn E. Aunspaugh.  Judgment for defendant, and plaintiff appeals.  Affirmed.

The complaint is as follows:

"The plaintiff, Howard C. Rush, claims of defendant, Glenn E. Aunspaugh, the sum of five thousand ($5,-000.00) dollars damages for the breach of a certain agreement entered into between the said Howard C. Rush and Glenn E. Aunspaugh, on the 18th day of September, 1909, which said contract is in words and figures as follows: 'State of Alabama, Mobile County. This instrument witnesseth the following agreement and contract this day entered into by and between Glenn E. Aunspaugh and Howard C. Rush, both of Mobile, Alabama; that is to say:  That Glenn E. Aunspaugh, who is now the sole owner of the plant and business known as the "Imperial Sanitary Laundry," hereby agrees and contracts that he will cause a corporation to be formed, to be known as the "Imperial Sani-

tary Laundry," to be capitalized at fifteen thousand
($15,000.00) dollars, or less; the capital stock to be
paid up in full by the sales of the corporation of said
plant and business, same to be entirely free from debt,
and that he will cause said corporation to enter into a
contract of employment of said Rush for a term of two
years at a monthly salary of one hundred and fifty
($150.00) dollars, and that, upon the faithful fulfill-
ment of all the obligations hereinafter assumed by How-
ard C. Rush for the period of two years, he will cause
one-sixth of the said capital stock to be transferred and
assigned to the said Howard C. Rush as his own abso-
lute property.  In consideration of the foregoing prom-
ises on the part of the said Glenn E. Aunspaugh, he, the
said Howard C. Rush, undertakes and promises that he
will devote his entire time and energy to the service of
the said proposed corporation at a salary of one hun-
dred and fifty ($150.00) dollars per month for the term
of two years, and that he will procure for the said cor-
poration during each and every month of said employ-
ment at least one thousand dollars' worth of satisfac-
tory business which would not otherwise be done by it.
It is distinctly understood and agreed between the said
parties that the obligation of the said Glenn E. Auns-
paugh to cause the said one-sixth of the capital stock
of said corporation to be transferred and assigned to
said Howard C. Rush at the end of the term of said em-
ployment is dependent and conditioned upon the said
Howard C. Rush's complying with all of the above ob-
ligations, and upon the realization by the said corpora-
tion of at least one thousand dollars during each month
of said employment from satisfactory business procur-
ed by the said Howard C. Rush, and upon the said How-
ard C. Rush remaining in said employment and faith-
fully discharging the duties of solicitor and wagon fore-

man during the entire term of employment. It is further understood and stipulated that Glenn E. Aunspaugh is to be recognized by the said Howard C. Rush as the head of the concern, and entitled to control its affairs, and that the said Rush will obey his orders and directions in the performance of his duties. Made this 18th day of September, 1909. Glenn E. Aunspaugh. Howard C. Rush." And plaintiff says that, although he has complied with all its provisions on his part, the defendant has failed to comply with the following provisions thereof, viz.: That said defendant has failed to incorporate or form the corporation to be known as the 'Imperial Sanitary Laundry' as provided for in said agreement, and has also failed and refused to issue to said Howard C. Rush one-sixth of the capital stock of said corporation known as the 'Imperial Sanitary Laundry,' as provided by said agreement; hence this suit.

"Second. Plaintiff claims of defendant the further sum of five thousand ($5,000.00) dollars damages for the breach of a certain agreement entered into between said Howard C. Rush and Glenn E. Aunspaugh on the 18th day of September, 1909, which said agreement is fully set out in count 1 of this complaint, and is hereby referred to and made a part of this count, as though the same were herein fully and specifically set out. And plaintiff says that, although he has complied with all of the provisions of said agreement on his part, and has made demand upon the defendant to form the corporation, and to issue to him one-sixth of the capital stock of said corporation, as provided for by said agreement, the said defendant has wholly failed and refuses to comply with said demand and the provisions of said agreement; hence this suit."

[Rush v. Aunspaugh.]

The demurrers are that the promise was without consideration; that the stipulation on the part of the defendant to cause the corporation to be formed, and the capital stock paid in, in full, by the sale to the corporation of said plant and business, was impossible of performance under the law; because no one man can form a corporation under the laws of Alabama; because the value of the plant and business does not appear from the allegation, so it could be ascertained from the complaint what, if anything, plaintiff is entitled to recover; because it does not appear from the complaint that it was legally possible for the defendant to have complied with the contract, as it does not appear what the said plant and business was worth; because the contract is void, and contrary to public policy, in undertaking to obligate the defendant to cause the corporation to be formed by incorporators, who would accept the sale of the plant and business of the firm in payment of the capital stock without regard to the value of said plant and business and its adaptability to the purposes of the corporation; contrary to public policy, in that it undertook to obligate the defendant to cause the directors of the corporation to employ the plaintiff, irrespective of their personal judgment as to the advisability of such employment; was not entitled to receive any of the capital stock until he had remained in the service of the corporation two years, which it appears he had not done; and other points not necessary to be here set out.

BESTER & YOUNG and ERVIN & MCALEER, for appellant. The considerations expressed were sufficient and the contract was not violative of sections 3445, et seq. Code of 1907.—1 Brickell's Digest, 386. The contract

was not void for uncertainty as to time.—*McFadden v. Henderson,* 128 Ala. 221.

GREGORY L. & H. T. SMITH, for appellee. The contract was void as against public policy and not enforceable as it was violative of the provisions of sections 3445, et seq., Code of 1907.—70 N. Y. Supp. 951; *Christie v. Patton,* 148 Ala. 326; *Robinson v. Bullock,* 58 Ala. 618; 90 N. W. 587. The contract was so uncertain that no proper measure of damages could be ascertained and it was therefore void.—*Pulliam v. Schimpf,,* 109 Ala. 176 and authorities supra.

ANDERSON, J.—While the contract is silent as to where the corporation was to be organized, and is therefore very indefinite on this point as well as many other conditions and contingencies therein treated, we may assume that it was to be organized under the laws of this state, and for the purpose of operating a laundry in the city of Mobile. Article 1, p. 397, Code of 1907, provides for the organization of business corporations, and requires at least three or more persons to become a body corporate. Section 3463 of the Code of 1907 provides: "Every corporation organized under article one of this chapter, must have at least three directors, who shall be owners of stock of the corporation," etc. The directors constitute the governing board of the corporation, and it is only through them, direct or delegated, actually or by implication, that binding contracts can be made with the corporation. The contract in question was executed by the defendant, who, at most, had only an expectancy of helping to organize a corporation in order to dispose of his laundry to same, and who would doubtless become a large stockholder and probably a director. This would not, however, entitle

[Rush v. Aunspaugh.]

him to govern the corporation as it would properly be within the control of the governing board, and whose duty it would be to employ people and manage the affairs thereof to the best interest of the corporation, and not at the dictation of a single stockholder or director in order to merely carry out a previously unauthorized private contract between a single shareholder and a third person. The governing board should have a discretion in the selection of employees and in fixing their compensation and prescribing their duty. The contract in question contemplated the doing of things by the governing board of a corporation, not then in existence, whether beneficial to the said proposed corporation or not, and that the defendant would cause them to so act as to comply with his personal undertaking, whether for the good of the corporation or not, and regardless of their fidelity to their trust. Said contract is contrary to public policy, and is nonenforceable in law or equity. In other words, the parties thereto required the defendant to undertake the control of the proposed corporation for the purpose of carrying out their private agreement, whether for the good of the corporation and public or not.—Cook on Corporations, § 622a; *Withers v. Edmonds,* 26 Tex. Civ. App. 189, 62 S. W. 795; *West v. Camden,* 135 U. S. 507, 10 Sup. Ct. 838, 34 L. Ed. 254; *Woodruff v. Wentworth,* 133 Mass. 309; *Wilbur v. Stoepel,* 82 Mich. 344; 46 N. W. 724, 21 Am. St. Rep. 568; *Flaherity v. Cary,* 62 App. Div. 116, 70 N. Y. Supp. 951; *Guernsey v. Cook,* 120 Mass. 501; *Noyes v. Marsh,* 123 Mass. 286; *Fennessy v. Ross,* 90 Hun. 298, 35 N. Y. Supp. 868. 'A contract in the case of *Lorillard v. Clyde,* 86 N. Y. 284, seems to have been upheld upon the theory that the parties to the contract would own all the stock and manage it in good faith, and the agreement was fully performed except as to the payment of a guar-

anty of 7 per cent. Under our statute, it was impossible for this defendant to own all of the stock or for him and plaintiff to do so jointly, nor could they constitute the requisite number of directors. Moreover, the contract does not provide for the good of the proposed corporation, but simply contemplates the organization of one for the purpose of serving the private interest of these two parties.

The trial court did not err in sustaining the demurrers to the complaint, and the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.