# Birmingham R. L. & P. Co. *v.* Broyles, *et al.*

## *Collision Injury.*

(Decided June 3, 1915.   Rehearing denied June 30, 1915.
69 South. 562.)

1. *Street Railways; Collision; Instruction.*—In an action for damages to a motor truck in collision with a street car, an instruction asserting that the motorman in charge of the car had the right to presume that the driver of the truck would drive off the track in time to avert a collision, was properly refused as ignoring evidence that the truck had stopped and the driver was attempting to leave the track, and that another person was on the track flagging defendant's approaching car, all of which was visible to the motorman.

2. *Same.*—Such instruction was also erroneous for omitting the necessary qualifications "unless and until the motorman saw that the truck could not or would not seasonably leave the track."

3. *Same.*—Where the evidence for plaintiff justified the finding of wanton negligence on the part of the motorman, a requested instruction that if the driver of the truck had opportunity to leave the track, but negligently failed to do so though aware of the approach of the car, and his negligence proximately contributed to the collision, was properly refused as predicating a verdict on plaintiff's contributory negligence and ignoring the issue of wanton injury.

4. *Same.*—In such an action, a charge asserting that if after discovering that the truck was in danger of being struck, the motorman used all means in his power to stop the car and prevent the collision, the verdict should be for defendant, was properly refused since the best efforts of the motorman to stop the car after discovering the

danger of collision was no bar to liability for not discovering the danger sooner, although it might free him from the imputation of wanton injury.

5. *Appeal and Error; Harmless Error; Rule 45.*—Under Supreme Court Rule 45, where it appeared that the collision occurred on 1st Avenue near 50th Street, and counts 4, 5 and 6 of the complaint correctly describes the locality, while counts 1, 2 and 3 incorrectly describe it as occurring at 1st Avenue and 54th Street, and where the only case tried and the only cause of action before the jury was the collision near 50th Street, the refusal of the court to give the general affirmative charge for defendant, as requested, as to counts 1, 2 and 3, was not prejudicial to the substantial rights of defendant, and therefore, not reversible error.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by R. B. Broyles and others against the Birmingham Railway, Light & Power Company, for damages for injury to a truck. Judgment for plaintiff, and defendant appeals. Affirmed.

Transferred from Court of Appeals under act creating such court.

Counts 1, 2, and 3 describe the place of the injury as First avenue and Fifty-Fourth street, at a public street crossing in the city of Birmingham, which was a large, populous, and incorporated city. The fourth and fifth counts describe it as First avenue and Fiftieth street, in said city of Birmingham, which was a large, populous and incorporated city, where the track and street are upon grade, and only the iron of the track is visible above the street grading.

The following charges were refused to defendant: (8) I charge you that the motorman in charge of defendant's car had the right to presume that the driver of the motor truck would drive the same off of defendant's track in time to avoid a collision with defendant's car.

(9) If the jury believe from the evidence that the driver of plaintiff's motor truck had ample opportunity to

turn aside from and off defendant's track, but negligently failed to do so, though aware of the approach of the car on said track, and that his negligence in so failing to turn off from said track proximately contributed to the collision between said motor truck and said car, then your verdict must be for defendant.

(10) If the jury believe from the evidence that, after discovering that plaintiff's motor truck was in danger of being struck, the motorman used all the means in his power and at hand to stop the car, and prevent the collision with said truck, then your verdict must be for defendant.

TILLMAN, BRADLEY & MORROW, and ROY M. STERNE, for appellant.

ERLE PETTUS, for appellee.

SOMERVILLE, J.—The plaintiff sued the defendant for damage done to his motor truck by a collision with one of defendant's cars on First avenue, in Birmingham, and had a verdict and judgment for $100. If the jury believed plaintiff's evidence, they might well have found, not only that defendant's motorman was guilty of simple negligence with respect to the collision, but of wanton negligence as well. In view of the undisputed evidence showing actual damage, however, it can be said with perfect assurance that punitive damages were not allowed by the jury, and we might well disregard all questions relating to that subject.

(1, 2) Charge 8, refused to defendant, ignored plaintiff's evidence tending to show that plaintiff's car had stopped and his driver was attempting to leave the track, and that another person on the truck was flagging the approaching car—all of which was visible to

the motorman; and it is erroneous in omitting the necessary qualification: "Unless and until he saw that the truck could not or would not seasonably leave the track."

(3) Charge 9, refused to defendant, predicated a verdict for defendant by reason of plaintiff's contributory negligence, and ignores the issues of wantonness altogether. It was for this reason properly refused.

(4) Charge 10, refused to defendant, was doubtless a good charge, if restricted to the wanton count. It is too obvious for argument, however, that the motorman's best efforts to stop the car *after discovering the danger of collision* is no bar to liability for not discovering the danger sooner. Whether he exercised due care in this regard was clearly for the jury, and the charge was properly refused.

Defendant's eighth plea, setting up contributory negligence, was no answer to the wanton count, and as to that count the demurrer was properly sustained.

(5) The collision occurred on First avenue, near Fiftieth street, where defendant's track was imbedded in the street, so as to be a part of it. Counts 4, 5, and 6 correctly describe the locality of the collision; but counts 1, 2, and 3 describe it as occurring at a public crossing, viz., First avenue and Fifty-Fourth street. The trial judge refused to give for defendant the general affirmative charge, as requested in writing, on each of these counts 1, 2, and 3. It is insisted that this was reversible error, in view of the fact that all the evidence placed the collision near Fiftieth street. The argument is that the rights and duties of the parties at public street crossings are materially different from what they are at other points along the track, and hence the question is more than one merely of venue.

[Birmingham Railway, Light & Power Co. v. Broyles, et al.]

If the complaint had contained only the first three counts, it seems clear that defendant would have been entitled to the affirmative charges requested, and their refusal would have been prejudicial error; and it may, perhaps, be conceded that, even under the present complaint, the refusal of these charge would formerly have worked a reversal.—*L. & N. R. R. Co. v. Perkins,* 152 Ala. 133, 44 South. 602; *Mansfield v. Morgan,* 140 Ala. 574, 37 South. 393. But practice rule 45 (175 Ala. xxi, 61 South. ix) now inhibits reversals for the giving or refusal of special charges, unless upon the whole record it appears that the action complained of probably affected injuriously the substantial rights of the appellant. Here the only case tried, and the only cause of action actually before the jury, was the collision near Fiftieth street. The issues of fact upon which this verdict was based would have been in no wise changed or affected by the giving of the charges requested, and it is not conceivable that their verdict would have been different if they had been given.

We must therefore decline to reverse the judgment for this action of the trial court. We are unable to declare that the trial court improperly refused to set aside the verdict under the evidence disclosed by the record. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.