(91 South. 308)

# H. & L. M. WARTEN COTTON CO. v. McGUIRE. (8 Div. 377.)

(Supreme Court of Alabama. Oct. 13, 1921.)

**1. Master and servant ⊂⊃35—Discharged employee may recover on common counts.**

Where plaintiff made a contract to work for defendant for six months but was discharged without fault on his part, that thereafter he held himself in readiness to perform was tantamount to full performance and entitled him to recover on the common counts.

**2. Master and servant ⊂⊃37—Evidence showing discharged employee worked in his garden inadmissible for defense.**

In an action by a discharged employee for breach of contract, evidence that he worked at home in his garden was inadmissible, not being a work of profit within the rule that if the employee, after vainly seeking other employment, works on his own account and thereby secures profit, this should be deducted if the work could not have been done if the original contract had remained in force.

**3. Master and servant ⊂⊃37—Discharged employee held not to waive rights by working for another.**

Where plaintiff was employed under a contract for six months but was discharged before its termination, that he accepted other and different work from his employer was not in itself sufficient to declare that plaintiff waived his rights under his contract.

**4. Evidence ⊂⊃147—In view of defense of incompetence, evidence that employee had heard of no such complaint admissible.**

In an action for wages, in view of the defense that plaintiff was discharged for incompetence and negligence in performance and the probability, as the jury may have found out of their common experience, that plaintiff's mistakes would have been brought to his attention, even though evidence offered by defendant that such mistakes were brought to his attention was introduced at a later stage of the trial, such defenses permitted plaintiff's evidence that he had heard of no complaints.

**5. Master and servant ⊂⊃39(2)—Evidence as to interest of witness irrelevant under pleadings.**

Where an action for wages by a discharged employee was against several defendants, evidence as to a particular interest of a witness, one of the defendants, was irrelevant, where no pleading set up an interest or liability in him different from the others.

Appeal from Morgan County Court; G. O. Chenault, Special Judge.

Action by W. F. McGuire against the H. & L. M. Warten Cotton Company, a partnership, for damages for breach of contract. Judgment for plaintiff and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

The evidence for plaintiff tended to show that in September, 1917, he made a contract with one A. T. Le Fils, representing the H. & L. M. Warten Cotton Company, a partnership, in which Le Fils was a partner, to work for the partnership for a period of six months, at $100 a month, and that his duties were to go to Rogersville and represent the partnership there in buying cotton; that he went to Rogersville, and remained two days, when he was called back by Le Fils and put to work weighing cotton at Albany; and that he weighed cotton during the month of October and November, when he was discharged by Le Fils, who said that his weighing was not satisfactory. Before being discharged, he was told by Le Fils that his weights were losing weights and he would have to fix them, as the partnership was losing money. The following question was propounded to plaintiff: "Did you ever have any complaint about your weights from any of Warten Cotton Company's customers?" Over defendant's objection, the witness was allowed to answer, "No, sir." The plaintiff further testified that he reported for duty each month, and that he was told that they had nothing for him to do. When Le Fils was on the stand as a witness, he was asked, "Are you a member of the Warten Cotton Company, now?" and, "Have you any financial interest in the result of this suit?" and, "Have you made any arrangement with the Warten Cotton Company whereby you are to bear no financial liability as the result of this suit, and, if so, state what it is." Objection was interposed and sustained to each of these.

Defendant requested the following charges, which were refused:

(1) General affirmative charge.

(2) If the plaintiff went to work for the defendant in a different capacity after returning from Rogersville, then that was a waiver from any breach of contract of employment to buy cotton at Rogersville.

(3) The acceptance by the plaintiff of different work of a different character, and at a different place, was a waiver of any breach of any contract of employment as a cotton buyer at Rogersville, and, if plaintiff and defendants did not contract in regard to plaintiff's weighing cotton for a definite time, your verdict should be for the defendant.

Callahan & Harris, of Decatur, for appellant.

The court erred in declining to permit the defendants to show that plaintiff did other work during the period covered by the contract and the value of the same. 3 Willits

on Contracts, § 1359, 8; 37 Conn. 520; 57 Ark. 370, 21 S. W. 1060, 38 Am. St. Rep. 249; 19 N. D. 153, 121 N. W. 202, 23 L. R: A. (N: S.) 853; 24 Wash. 88, 64 Pac. 135, 6 L. R. A. (N. S.) 94, 98, 101, 104, 85 Am. St. Rep. 942. The plaintiff must recover on his express contract. 17 Ala. App. 290, 84 South. 545; 81 Ala. 285, 1 South. 591; 56 Ala. 547; 76 South. 914; 186 Ala. 430, 65 South. 175. The charges requested should have been given. 201 Ala. 493, 78 South. 399; 119 Ala. 72, 24 South. 729; 99 Ala. 620, 13 South. 118; 201 Ala. 607, 79 South. 39, L. R. A. 1918F, 667; 2 Ala. App. 409, 56 South. 1.

Tennis Tidwell, of Albany, for appellee.

The appellant was not entitled to the affirmative charge. 6 Ala. 83; 64 Ala. 229; 68 Ala. 66, 44 Am. Rep. 134; 82 Ala. 264, 2 South. 319. Counsel discuss other assignments of error, but without further citation of authority.

SAYRE, J. Appellee brought this action declaring on the common counts and specially as for the breach by appellant of a contract by which appellant had engaged the services of appellee for a stipulated term at a stipulated wage payable in monthly installments.

Appellee's case was that appellant had engaged his services for the term of six months, during which he was to have charge of appellant's cotton business at Rogersville; that without fault on his part he had been discharged from his said employment; and that continuously thereafter and during the remainder of the term he had held himself in readiness to perform his part of the contract.

[1] Appellant contends for error in the refusal of its request for the general charge on the theory that, since appellee had not performed the stipulated services, there could be no recovery on the common counts. Assuming this question to have been properly raised on the record, the answer is that if appellee had the contract shown by his testimony, and was discharged therefrom without fault on his part, the fact that thereafter he held himself in readiness to perform, if so found by the jury, was tantamount to full performance on his part, leaving nothing to be done on either part save payment of the stipulated wage, and entitling appellee to recover on the common counts. Krou v. Verkentoren, 90 Ala. 113, 7 South. 428.

[2] Appellant sought to show on cross-examination of appellee as a witness in his own behalf that, subsequent to his discharge and within the term of the contract, appellee did work at home "in his garden, etc.," and the value thereof. The court properly ruled against the admissibility of this proffered evidence. The rule pertinent to the question thus presented is, we think, correctly stated in 3 Williston on Contracts, § 1359:

"If the employee after vainly seeking other employment"—and appellee's testimony went to show his fulfillment of this requirement of the law—"works on his own account, and thereby secures some profit, this should be deducted if the work could not have been done had the original contract remained in force."

It is not considered that such work as one performs about his premises, "in his garden, etc.," and for which he receives no reward save the satisfaction the performance of such work may bring, is a work of profit within the meaning of the quoted rule; nor did it appear in the present case that the work inquired about could not have been done had the original contract between the parties remained in force. Hence our conclusion that, as to this, no error is shown.

[3] Appellee testified that shortly after his discharge one of appellant firm asked him whether he could not find something else to do; that, upon his answering that he could not, said appellant told him to rest easy and he would find a place for him (appellee); and that after a few days he was put to work weighing cotton at Decatur. It seems that this last-mentioned employment continued for a short time only, and we may assume that appellant received credit for any amount paid to appellee under this new employment. However, the contention is made that by accepting the second employment appellee waived his rights under the original, or, as appellant phrased it in one of its requested instructions, if appellee went to work for appellant in a different capacity after his return from Rogersville, this constituted a waiver of any breach of the original contract, and this presents one of the questions to be decided. It was appellee's duty, if he could with reasonable exertion, to minimize the loss to appellant to accrue by reason of the latter's breach of contract. Strauss v. Meertief, 64 Ala. 299, 38 Am. Rep. 8. It would defeat the wholesome operation of this rule if the taking of employment, whether like or unlike that contemplated by the original contract, without more, should be held for a waiver of damages accrued or to accrue. Certainly such a waiver may be expressed or implied from circumstances, but it is not to be implied from the naked fact hypothesized in appellant's requested instruction.

[4] In view of the fact that appellant had pleaded appellee's incompetence to perform the duties which he had contracted to perform, including, as the pleas alleged, the weighing of cotton, and his negligence in the performance of that duty, the probability, as the jury may have found out of their common experience, that appellee's mistakes, if any, would have been brought to his attention upon discovery, and the evidence offered by appellant to the effect that appellee had made mistakes which were brought to his attention—even though this evidence for appellant was introduced at a later stage of the trial—these facts and circumstances save the imputation of error to that ruling of the

court by which appellee was allowed to show that he had heard of no complaints as to his cotton weights.

[5] The court committed no error in sustaining objections to the questions propounded to the witness Le Fils concerning his interest in the defendant partnership and in the result of the pending action. The witness was a party defendant and no pleading set up an interest or liability in him different from that of other defendants. These questions were therefore irrelevant to any issue in the cause.

We find no reversible error in the court's ruling in respect of counsel's argument to the jury. B. R. L. & P. Co. v. Gonzales, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.