## NAVCO HARDWOOD CO. v. BASS.
### (1 Div. 340.)

(Supreme Court of Alabama. Nov. 19, 1925, Rehearing Denied May 13, 1926.)

**1. Corporations ⬿448(2)—Corporation and its executive officers, who with full knowledge accepted services of plaintiff under contract made on behalf of corporation before its organization, adopted contract and were liable thereon.**

Where corporation and its executive officers, with full knowledge, accepted plaintiff's services, paid him his salary, held him out as second vice president and general manager, and elected him officer for first year of corporate existence, *held*, that corporation had adopted agreement for plaintiff's services made in its behalf before organization and was liable thereon; action of executive officers being as binding as resolution of board of directors.

**2. Master and servant ⬿42(1).**

Discharged employee must minimize damages by using reasonable diligence to obtain similar employment in same community and line of business.

**3. Corporations ⬿448(2).**

Ratification or adoption of a contract made for a corporation to be formed is cum onere.

**4. Corporations ⬿1 — Corporation is entity separate from individuals composing it, and is not affected by personal transactions of stockholders either before or after incorporation.**

Corporation is a distinct entity, separate from individuals composing it, and is not affected by personal rights, obligations, and transactions of its stockholders, whether before or after incorporation.

**5. Corporations ⬿448(1)—Corporation is liable on contracts by its promoters with third persons on faith of corporation, which are intended to and in fact do inure to its benefit.**

Corporation is liable on contracts entered into between its promoters and third persons

on faith of corporation which are intended to and in fact inure to its benefit, even in absence of ratification.

**6. Principal and agent ⊗⟶172.**

One accepting benefit of contract which another volunteers to perform in his name on his behalf takes burden with benefit.

**7. Corporations ⊗⟶448(2).**

Corporation may ratify and make binding agreement of promoters made to effect purposes of its organization.

**8. Corporations ⊗⟶308(1).**

Corporate officers as president, directors, and trustees for stockholders are presumed to act without compensation, in absence of express prearrangement.

**9. Corporations ⊗⟶308(1)—Presumption that corporate officers act without compensation does not apply to acting superintendent or general manager of corporation, who devotes practically entire time to corporation.**

Presumption that corporate officers act without compensation does not apply to officer who is acting superintendent or general manager, and who devotes practically his entire time to business affairs of corporation.

**10. Corporations ⊗⟶308(2)—Officer of corporation may recover reasonable value of necessary services outside his duties when performed under circumstances raising fair presumption of intent to compensate services.**

Director or other officer of corporation may recover reasonable value of necessary services outside scope of his duties, when performed at instance of corporate officers with general powers under circumstances raising a fair presumption that parties intended services to be compensated.

**11. Corporations ⊗⟶399(2).**

Implied powers of general executive officer of corporation such as general manager are co-extensive with general scope of its business.

**12. Appeal and error ⊗⟶1030, 1039(1), 1047 (1), 1064(1), 1067.**

Error in direction of jury, giving or refusing special charges, admission or rejection of evidence, or any matter of pleading or procedure, is not ground for reversal, unless it probably injuriously affected substantial rights of parties complaining.

**13. Appeal and error ⊗⟶1061(4)—Error in refusing affirmative charge as to certain counts held not reversible, where jury could properly find verdict on other counts and substantial rights of parties were not injuriously affected.**

Error in refusing affirmative charge to defendant as to certain counts *held* not reversible, where jury could properly find verdict for plaintiff on other counts on same state of facts and substantial rights of parties were not injuriously affected.

On Rehearing.

**14. Appeal and error ⊗⟶197(3), 835(2)—Variance between contract pleaded and contract proved will not be considered, where not argued in original brief or brought to trial court's attention when general charge was requested (Circuit Court Rule 34).**

Variance between contract proved and contract pleaded will not be considered, where not argued in original brief or called to attention of trial court when general charge on the count pleading contract was requested, in view of Circuit Court Rule 34.

Appeal from Circuit Court, Mobile County; C. A. Grayson, Judge.

Action by Walt G. Bass against the Navco Hardwood Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Refused charges 2 and 3 were the general charge as to count 1.

Yerger & Foster, of Mobile, for appellant.

The evidence failed to establish a contract as alleged in count 4, and the general charge requested by defendant should have been given. Rush v. Aunspaugh, 179 Ala. 542, 60 So. 802; Stone v. Walker, 201 Ala. 134, 77 So. 554, L. R. A. 1918C, 839; 14 C. J. 255. There must be an express agreement on the part of the corporation to compensate its officers for their services in order to bind the company. 7 R. C. L. § 445; 4 Fletcher, Cyc. Priv. Corp. § 2736; 14a C. J. 136. A recovery cannot be had under common counts, when the proof discloses a cause of action the proper subject of a special count. Burkham Bros. v. Spiers, 56 Ala. 547. The verdict was contrary to law and to the evidence in the case, and a new trial should have been granted. Amer. Nat. Ins. Co. v. Rosebrough, 207 Ala. 538, 93 So. 502.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellee.

Where an agent of a corporation has been employed for a year, in event of his wrongful discharge prior to the termination of the year, the employer can be held liable for the balance of the salary due, the employee using diligence to minimize the damages. Ala. Northern R. Co. v. Hoge, 207 Ala. 692, 93 So. 517; Strauss v. Meertief, 64 Ala. 299, 38 Am. Rep. 8; People's Shoe Co. v. Skally, 196 Ala. 349, 71 So. 719; Morris Min. Co. v. Knox, 96 Ala. 320, 11 So. 207; Troy Fertilizer Co. v. Logan, 96 Ala. 619, 12 So. 712. The corporation accepted the services of the plaintiff, paid the stipulated salary, and held him out as such officer, and thus adopted the contract made before incorporation. Stone v. Walker, 201 Ala. 130, 134, 77 So. 554, L. R. A. 1918C, 839. 14 C. J. pp. 257, 258, § 298; Davis v. Montgomery F. & C. Co., 101 Ala. 127, 8 So. 496. One who accepts the benefits of a con-

---

⊗⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tract, which another volunteers to perform in his name and on his behalf, is bound to take the burden with the benefit. Moore & Handley v. Towers, 87 Ala. 206, 6 So. 41, 13 Am. St. Rep. 23. The general manager of a corporation, who is also a director, has a legal claim for value of his services. 7 R. C. L. 464. A general manager or general superintendent has authority to bind the corporation in making contracts. 14a C. J. 94; First Nat. Bank v. Bank, 116 Ala. 520, 22 So. 976. A case will not be reversed for error in rulings on evidence or giving or refusal of charges, or as to matter of pleading, unless same injuriously affected the substantial rights of the party complaining. Sup. Ct. rule, 45, 175 Ala. xxi, 61 So. ix; Taylor v. Lewis, 206 Ala. 338, 89 So. 581; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469; Best Park v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929.

THOMAS, J. The suit was on common counts and on special contract for salary as general manager of defendant company at the point and for the time indicated. In addition to the general issue, defendant filed pleas of counterclaim and set-off. The pertinent questions are presented by the affirmative instructions requested by defendant and refused by the court, and by the motion for a new trial, which was overruled.

[1, 2] A consideration of the record convinces us that defendant company, with full knowledge on its part and that of its directing and executive officers—including its president, first vice president and later general manager—accepted the services of plaintiff rendered the corporation under the contract which he had, or understood he had, with the corporation. This amounted to an adoption of the contract and bound the corporation for such salary of its general manager.

The plaintiff testified as to his activities for and on behalf of the corporation before and after the corporation was formed. Stone v. Walker, 201 Ala. 130, 77 So. 554, L. R. A. 1918C, 839. He testified he acted as its general manager at the request of Knight, the president of the corporation; that it was understood between them that the duties of general manager, so performed by plaintiff, were those of, or were embraced within, the duties of second vice president, to which office plaintiff was elected; that plaintiff was held out to the public as its general manager for more than a month, and during the time he so acted he signed the checks of the company and discharged the other duties of its general manager at the time and place covered by the suit.

After his discharge by the defendant, it was the duty of plaintiff to have used reasonable diligence to minimize the damages accruing to him from his discharge, by a reasonable diligence to obtain similar employment at or within the same section or community and line of business and within the time embraced in the suit. H. & L. M. Warten Cotton Co. v. McGuire, 206 Ala. 469, 91 So. 308; Alabama Northern Ry. Co. v. Hoge, 207 Ala. 692, 93 So. 517; People's Shoe Co. v. Skally, 196 Ala. 349, 71 So. 719; U. S. Shipping, etc., Co. v. Sherman & Ellis, 208 Ala. 83, 93 So. 834; Troy Fertilizer Co. v. Logan, 96 Ala. 619, 12 So. 712; Morris Mining Co. v. Knox, 96 Ala. 320, 11 So. 207; Strauss v. Meertief, 64 Ala. 299, 38 Am. Rep. 8. The evidence was sufficient to show the discharge of plaintiff by defendant, and that he duly made the required effort to obtain other employment within the time covered by the suit.

A case which counsel for appellant seem to rely on is Rush v. Aunspaugh, 179 Ala. 542, 60 So. 802. The assumption in the Rush Case is unlike the proposition now presented. There a contract was made between two individuals (Aunspaugh and Rush), by the terms of which Aunspaugh agreed to organize a corporation and that the corporation, after being organized, would enter into a contract with Rush for a term of two years at a stipulated salary, and cause a designated part of the capital stock to be transferred and assigned to Rush as his absolute property after Rush had fulfilled his contract obligations. It appears that no such corporation as the one contemplated between the parties to the contract was ever organized, and no proposition was presented as to whether or not the corporation had adopted as its own a preorganization contract which one of its promoters had made for its benefit. If Aunspaugh had organized the corporation which he had promised to organize, and the incorporators had named Rush as vice president of the corporation for the first year, with the duties of general manager, and after the corporation had been organized Rush discharged the duties of vice president and general manager, devoting practically all of his time to the corporation, and the corporation had held him out to the world as its vice president and general manager, and had thus recognized and adopted the contract originally made by Aunspaugh on behalf of the corporation, and the corporation had paid to Rush the agreed or stipulated monthly salary, then we would have a different case from that presented and discussed in the Rush Case. It will be further noted that in Aunspaugh v. Rush, supra, the suit was by Rush against Aunspaugh, and not against any corporation organized by Aunspaugh. This would be an apt authority if Knight and associates had not organized the Navco Hardwood Company and Bass had undertaken to sue Knight individually under the contract made by the latter with plaintiff for and on behalf of the corporation which was to be thereafter created.

The case of Stone v. Walker, 201 Ala. 130, 134, 77 So. 554, L. R. A. 1918C, 839, is in support of the contention of appellee. In that case the question of the ratification or adoption by a corporation (after its organization)

of a contract made for its benefit by its promoters prior to incorporation was fully discussed and the binding obligation of such ratification or adoption of the preorganization agreements announced. That is to say, the effect of that holding was that the promoter's contract is in the nature of a proposal, which the corporation could accept or reject after it came into existence. We quote as follows from that opinion:

"It does seem to us to be in keeping with the rules of justice and of law that, where the parties who made the contract intended that the prospective corporation, when formed, should become a party to the undertaking, and intended that the contract should be for the use and benefit of the corporation, and the corporation does accept the benefit, it thereby adopts the proposed contract as fully as if it had been an original party thereto. In the case at bar the corporation bank availed itself of a subscription made for shares before it was formed, and received the price paid therefor, and issued to the subscriber certificates of stock, thereby treating him as a shareholder. This, as all the authorities hold, was sufficient to bind the subscriber, and we think it ought to bind also the corporation. Its obligations and its benefits ought to be mutual, and to be as binding as if it had made the original contract of subscription by its legally authorized agents."

In the case last cited we have a situation more nearly like the case here presented. Here the corporation accepted the services of Bass, paid him the stipulated salary, held him out as its second vice president and general manager, elected him as one of its said officers for the first year of its existence, and did what a corporation could do to ratify or adopt as its own the agreement which Knight had with Bass for and on behalf of the corporation which he was to form and for its benefit. This action of the executive officers or the alter ego of the corporation when formed was of the force and effect and binding obligation of the more solemn resolution of its board of directors. If executive officers had not such binding authority in the absence of resolution of its board of directors, the handling of corporate affairs would be much interfered with in matters within the general rule obtaining and in the conduct of the particular business.

The section of the article on corporations found in Corpus Juris cited by appellant is section 289, and will be considered with section 290, where the law applicable to the facts with which we are here confronted is thus stated:

"By the great weight of authority a contract made by the promoters of a corporation before it was formed becomes the contract of the corporation, so that it is both entitled to the benefit thereof and liable thereon, if it expressly or impliedly ratifies and adopts the same as its own or, in most jurisdictions, ratifies it, after it comes into existence, provided it is a contract which the corporation has the power under its charter to make." **14 C. J.** § 290, pp. 257, 258.

[3] The ratification or adoption of a contract made for the corporation to be formed is cum onere. 14 C. J. § 292. See Davis v. Montgomery F. & C. Co., 101 Ala. 127, 8 So. 496; Moore & Handley Hdwe. Co. v. Towers Hdwe. Co., 87 Ala. 206, 211, 6 So. 41, 13 Am. St. Rep. 23; 50 L. R. A. (N. S.) 981, note, 17 A. L. R. 484, note.

Such being the general rule of adoption or ratification of contracts made by promoters for corporations thereafter to be formed, and which are duly organized, is the salary of the general manager without application of the general rule?

[4-7] The doctrine is well established, and obtains both at law and in equity:

"That a corporation is a distinct entity, to be considered separate and apart from the individuals who compose it, and is not to be affected by the personal rights, obligations and transactions of its stockholders; and this, whether said rights accrued, or obligations were incurred, before or subsequent to incorporation. * * * There is a class of contracts, however, which are entered into between the promoters or prospectors of a contemplated corporation and third persons, on the faith of the corporation, intended to enure to its benefit, and which in point of fact do enure to its benefit, on which the corporation will be charged, even in the absence of an express promise to perform, or ratification on the part of the company after it is in esse; on 'the familiar principle, that one who accepts the benefit of a contract, which another volunteers to perform in his name, and on his behalf, is bound to take the burden with the benefit.'" Moore & Handley Hdwe. Co. v. Towers Hdwe. Co., 87 Ala. 206, 210, 211, 6 So. 41, 43 (13 Am. St. Rep. 23).

After its organization, a corporation "has the power to accept and ratify the agreement and covenant of its promoters, made to effect and carry out the purposes of its organization, and, when accepted and ratified, the covenants are mutually binding." Davis v. Montgomery F. & C. Co., 101 Ala. 127, 129, 8 So. 496; Moore & Handley Hdwe. Co. v. Towers Hdwe Co., supra.

[8-11] The general rule is that corporate offices (as president and directors, trustees for stockholders) are usually filled by the chief promoters of the corporation, whose interest in the stock or in other incidental advantages is supposed to be a motive for the execution of the duties of his office without compensation, and that this presumption prevails until overcome by an express prearrangement of salary. Kilpatrick v. Penrose Ferry Bridge Co., 49 Pa. 118, 88 Am. Dec. 497; 14 A. C. J. p. 136, § 1906. This is a statement of the rule as to the compensation of corporate offices generally (representing the stockholders), but this general rule has no application to an officer who is the acting superintendent or general manager of the cor-

poration's business, and who devotes practically his entire time to the business affairs of the corporation. 7 R. C. L. §§ 445, 446. The rule to be "deduced from the modern and best-considered cases seems to be that a person, although a director or other officer of a corporation, may recover the reasonable value of necessary services rendered to a corporation, entirely outside of the line and scope of his duties as such director or officer, performed at the instance of its officers, whose powers are of a general character, upon an implied promise to pay for such services, when they were rendered under such circumstances as to raise a fair presumption that the parties intended and understood they were to be paid for, or ought to have so intended and understood. * * * And it has been held that the general manager of a corporation, who is also a director, has a legal claim for the value of his services, although there has been no resolution of the board of directors or any express contract fixing his compensation, where he devotes his entire time to the business, and his duties are numerous and onerous and not such as pertain to his office as director." Bassett v. Fairchild, 132 Cal. 637, 64 P. 1082, 52 L. R. A. 611; 7 R. C. L. 464, 465. This follows from that other well-establishel rule, that the implied powers of a general executive officer of a corporation, as its general manager, are coextensive with the general scope of the business of the corporation.

"While the president, vice president or secretary of a corporation has no general authority as such to bind the corporation in the making of contracts, yet this is not the case with a general manager or general superintendent as the law presumes that such officer has authority to make all contracts necessary and proper in the conduct of the business of the corporation, his implied powers being coextensive with the general scope of the business of the corporation." First Nat. Bank of Birmingham v. First Nat. Bank of Newport, 116 Ala. 520, 532, 533, 22 So. 976; Montgomery Co. v. Walker, 181 Ala. 368, 61 So. 951; 14 A. C. J. § 1862, pp. 94, 95, and numerous citations.

The assignments of error, based upon the refusal of the trial court to give the affirmative charges requested for the defendant or the refusal to grant defendant a new trial, raise the question that there was no contract under which Bass was employed for a year. It is unnecessary to discuss these assignments of error separately, as our general discussion covers all of the assignments of error. There was no error in rulings in the trial court.

[12] The assignments of error based upon the proposition that there can be no recovery under the common counts when the evidence shows a valid special contract and its breach (Burkham Bros. v. Spiers, 56 Ala. 547), and the refusal of affirmative instructions as to the common counts, present no reversible error. The authorities establish the proposition that if error has intervened in any case on the ground of misdirection of the jury, the giving or refusal of special charges, the improper admission or rejection of evidence, or as to any matter of pleading or procedure in any civil case, the judgment following will not, on this account, be reversed, unless the court be of the opinion, as a matter of fact, that this error has probably injuriously affected substantial rights of the parties complaining. Sup. Ct. Rule 45 (175 Ala. xxi, 61 So. ix); Taylor v. Lewis, 206 Ala. 338, 89 So. 581; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469; Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 So. 74; Vance v. Morgan, 198 Ala. 149, 73 So. 406; Birmingham R. L. & P. Co. v. Broyles, 194 Ala. 64, 69 So. 562; Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929.

[13] Under the construction placed on the rule by this court, even though there had been error in refusing to defendant the affirmative charge as to those counts of the complaint claiming under the common counts, there were other counts of the complaint on which the jury could have properly found a verdict for the plaintiff on the same state of facts, and the judgment of the lower court will not be reversed, unless in the opinion of this court such error has probably injuriously affected substantial rights of the parties. This, counsel for appellant do not contend for.

The only three counts left in were the first count, a common count claiming money due by account; the third count, a common count for work and labor done; and the fourth count, as amended, setting up the special contract. And the jury were specifically instructed as to the issues of fact to be ascertained. There was no reversible error in refusing charges 2 and 3, requested by defendant.

After careful consideration of the whole record, we find no reversible error on the trial or ruling on motion for a new trial; and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

#### On Rehearing.

[14] In the opinion of Justices SOMERVILLE, THOMAS, and BOULDIN there is no variance.

It is insisted, among other things, in the brief of appellant's counsel on rehearing, that there is an apparent variance between the contract treated and discussed as proven in the opinion of the court and the one described in amended count 4. If such is the case, which we do not concede except for the purpose of replying to the brief, this was but a variance not argued or insisted upon in the

original brief.' Nor does it appear that said variance as contended for was brought to the attention of the trial court when the general charge was requested as to amended count 4. Circuit Court Rule 34.

The other points made upon rehearing are fully discussed in the original opinion, and after a careful reconsideration of same we are not disposed to recede.

Application overruled.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.