BLOODWORTH, Justice.
Plaintiff below, Peter Petroff, trustee in bankruptcy for Care Electronics, Inc., appeals from entry of summary judgment in favor of defendants below, James Arbona and CMP Corporation. We reverse and remand.
Care is a Texas corporation which was formerly engaged in the manufacture and distribution of electric heart monitoring equipment. Care’s operating headquarters were located in Huntsville, Alabama, until March 7, 1973, when S. Lyle, its vice president and general manager, terminated operations due to Care’s inability to purchase necessary supplies and to meet its payroll. Care is a wholly owned subsidiary of Elec-tro/Data, Inc., which went into bankruptcy in April 1973. On May 22,1973, an involuntary petition was filed and Care was declared bankrupt.
In tracing the assets of the bankrupt Care, the trustee discovered an invoice from Care, dated April 11, 1973, purporting to represent a sale of equipment to defendant CMP in the amount of $39,686.00. Other business records showed a sale of other equipment to Borgess Hospital in Kalamazoo, Michigan. Borgess apparently was not satisfied with the equipment and had returned it. The equipment was removed from Borgess on April 12, 1973, by defendant Arbona, who signed a receipt for it as “President, CMP Corp.” Arbona was named as salesman in the original transaction between Care and Borgess and has stated in affidavit and deposition that Lyle, Care’s general manager, had instructed him to remove the equipment and to deliver it to Syntonic Technology, Inc., for refurbishment and installation in another hospital. In his affidavit, Arbona stated that he did as Lyle had instructed and that he also arranged a sale of the equipment to another hospital and received a 20 percent commission on the sale. He further stated that CMP did not participate in the transaction and did not receive any proceeds from it. He produced documents that showed that CMP was not incorporated until June 11, 1973, about two months after the date of the invoice to CMP and of the receipt for the equipment from Borgess. In his deposition, Arbona stated that before Care ceased operations he had discussed with certain Care officers the possibility of his forming CMP Corporation, but he said that when he signed the receipt as “President, CMP Corp.” he was playing “a pompous role” and that “it was just an ego trip.” The Borgess equipment was valued at $25,690.00. The *180 trastee filed suit against Arbona and CMP to recover the amounts allegedly owed to Care from these transactions.
In November 1974, the trial court entered summary judgment for defendants. In January 1975, the court granted defendants’ motion for a protective order that R. Bigoney, Secretary-Treasurer of CMP and former employee of Care, not be required to produce the names of the stockholders of CMP. In February 1975, the court granted the trustee’s motion to set aside the summary judgment and to dismiss the cause without prejudice. In March 1975, the court reinstated the summary judgment for defendants. In April 1975, the trustee moved for the court to set aside its summary judgment order of March 1975 and presented new evidence. That motion was overruled by operation of law. Rule 59.1, ARCP.
The trustee appeals from the reinstatement of summary judgment and from the overruling of its motion to set aside the summary judgment. He argues that there is at least a scintilla of evidence supporting his claim and that there are genuine issues of material fact, even if the new evidence offered is not considered. He also argues that discovery of the ownership of CMP Corporation should have been allowed in order that financial relationships between CMP and persons with an interest in Care might be known.
Defendants Arbona and CMP contend that the trustee has had ample opportunity for discovery and that the evidence offered by the trustee has been so completely discounted by defendants’ evidence that there is no genuine issue remaining as to any material fact. Furthermore, defendants argue that the evidence on which the trustee asserts his right to recover is not admissible, amounting only to speculative statements and suspicions, and is not sufficient to prevent summary judgment.
Under Rule 56(c), ARCP, summary judgment
“. . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . .” [Emphasis supplied.]
Thus, the issue before this Court is whether a “genuine issue as to any material fact” is presented by the evidence.
The trustee has produced an invoice which according to his affidavit he received along with other records of Care from the former president of Care. That invoice indicates a sale of equipment to CMP Corporation. In an attempt to prove that the invoice does not represent an actual sale of equipment to CMP, defendants produced the affidavit of Mary Hawkins, former Director of Manufacturing of Care. She stated: that since the invoice in question does not refer to equipment by serial number it is not a legitimate invoice; that she has no knowledge of a shipment to CMP; and, that to her knowledge there was no equipment available in the plant for shipment as of March 21, 1973, when she delivered the key to the plant to the owner of the building. Other materials offered to counter the invoice consist of statements by Arbona, the President of CMP, denying that CMP received the invoice or the equipment and by R. Bigoney, Secretary-Treasurer of CMP, denying knowledge of any sale by Care to CMP and of the invoice in particular. Defendants further point out that the trustee has produced only the customer’s copy of the invoice and that CMP was not incorporated until two months after the date of the invoice.
Defendants have not borne their burden of showing that there is “no genuine issue” as to the validity of the invoice. Hawkins’ affidavit does not purport to cover the availability of equipment not at the plant, nor does she purport to have any knowledge concerning the operations of Care after her departure on March 21,1973. Although she purports to have personal knowledge of how invoices were made out while she was working there, her affidavit clearly could provide no evidence concerning procedures in effect on the date of the *181 invoice, April 11, 1973. The denials of Ar-bona and Bigoney more properly raise issues of fact than resolve them.
Further, defendants have not borne their burden of showing that there is “no genuine issue” as to whether Arbona received the equipment from Borgess Hospital for CMP. He signed for the equipment as “President, CMP Corp.,” an office he now holds. The only evidence that Arbona offers to counter the implications of his signature is his denial that he received the equipment as “President, CMP Corp.” He stated in his affidavit that he was in fact acting as a representative of Care. His explanation of the manner in which he signed for the equipment is that he was on an “ego trip” and playing “a pompous role”! He denied in his affidavit that CMP has ever had possession of property belonging to Care. Again, Arbona’s statements serve more to raise genuine issues of fact, than to resolve them.
That CMP had not been incorporated at the time of either of the alleged transactions does not necessarily preclude liability on its part, since under proper circumstances a corporation may after its organization adopt or ratify the contracts of its promoters. See Navco Hardwood Co. v. Bass, 214 Ala. 553, 108 So. 452 (1925); 18 C.J.S. Corporations § 122 (1939). It is apparent from Arbona’s statements that he may be regarded as a promoter of CMP Corporation.
The protective order that Bigoney, the Secretary-Treasurer of CMP, not be required to produce the names of the stockholders of CMP was improperly granted. The trustee stated in his affidavit that he had information that certain parties who had a stake in Care also had a financial interest in CMP. In an action which is part of a trustee in bankruptcy’s efforts to trace the bankrupt’s assets, discovery of the interrelationships of the various parties may very well be relevant itself or at least may lead to the discovery of relevant and admissible evidence. See Rule 26(b)(1), ARCP.
We hold that summary judgment and the protective order were improperly granted. We reverse and remand.
REVERSED AND REMANDED.
HEFLIN, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.